

**ORDERED in the Southern District of Florida on March 4, 2025.**

_____
**Scott M. Grossman, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:

LATASHA TRANSRINA KEBE,

    Debtor-in-Possession.
_____/

Case No.: 23-14082-SMG

Chapter 11

**ORDER CONFIRMING
DEBTOR'S SUBCHAPTER V PLAN OF REORGANIZATION**[1]

THIS MATTER came before the Court on Monday, February 24, 2025, at 9:30 a.m. to consider confirmation of the *Third Amended Subchapter V Plan of Reorganization* (the "Third Plan" or "Plan") (DE 186) filed on February 21, 2025, Latasha Transrina Kebe (the "Debtor"). In connection with the confirmation of the Third Plan, the Court has considered the evidence presented as well as the record of this case, including: (i) the Confirmation Affidavit and Proffer

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Third Amended Subchapter V Plan of Reorganization (DE 186).

of Evidence, et al. of Latasha Transrina Kebe (DE 191); (ii) the Certificate of Proponent of Plan (DE 190); and (iii) the Certificate for Confirmation Regarding Payment of Domestic Support Obligations and, if Applicable, Filing of Required Tax Returns (DE 187). The Court, having considered that all classes of creditors that were required to vote on the Plan have accepted the Plan, and no objections to the Plan have been filed, after notice and a hearing, the Court finds and concludes as follows:

### FINDINGS OF FACTS & CONCLUSIONS OF LAW

A. **Jurisdiction**. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334, the United States District Court's general order of reference, and other various applicable provisions of the Bankruptcy Code[2] and the Federal Rules of Bankruptcy Procedure ("FRBP").

B. **Venue**. Venue before the Court is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

C. **Notice**. Due, adequate, and sufficient notice of the Plan and the Order Setting Evidentiary Hearing (DE 178) (the "Order Setting Evidentiary Hearing") were served upon all creditors, interest holders, and parties requesting notice. Accordingly, the method of service and solicitation of acceptance of the Plan, notice of the hearing to consider confirmation of the Plan, and notices of all other deadlines or requirements relating thereto (collectively, the "Confirmation Deadlines") is complaint with the FRBP, were adequate and reasonable under the circumstances of this case, and no further or additional notice of the confirmation hearing or the confirmation deadlines was necessary or required.

D. **Objections to Confirmation**. Present at the hearing were Debtor, counsel for the

---

[2] The term "Bankruptcy Code" refers to the applicable section(s) of 11 U.S.C. § 101, *et. seq.* unless otherwise indicated.

Debtor, counsel for creditor Belcalis Marlenis Almánzar ("Ms. Almánzar"), the Subchapter V Trustee, the U.S. Trustee, and counsel for Cheickna Kebe. The U.S. Trustee filed an objection to the Debtor's Second Amended Chapter 11 Plan of Reorganization Under Subchapter V at DE 184; however, as stated on the record, the U.S. Trustee's objection is deemed resolved by the Plan.

E. **Proper Classification of Claims – 11 U.S.C. §§ 1122 and 1123**.  The Plan adequately and properly identifies and classifies all claims. Pursuant to 11 U.S.C. § 1122(a), the claims placed in each class are substantially similar to other claims in each such class. Pursuant to 11 U.S.C. § 1123(a)(1), valid legal and business reasons exist for the various classes of claims created under the Plan and such classification does not unfairly discriminate among holders of claims. The classification of claims in the Plan is reasonable.

F. **Specified Unimpaired Classes – 11 U.S.C. § 1123(a)(2)**.  The Plan specifies all classes or claims or interests that are not impaired under the plan.

G. **Specified Treatment of Impaired Classes – 11 U.S.C. § 1123(a)(3)**.  The Plan specifies the treatment of all classes of claims or interests that are impaired under the Plan.

H. **No Discrimination – 11 U.S.C. § 1123(a)(4)**.  The Plan provides for the same treatment of claims or interests in each respective class unless the holder of a particular claim or interest has agreed to a less favorable treatment of such claim or interest.

I. **Implementation of the Plan – 11 U.S.C. § 1123(a)(5)**.  Article VI of the Plan provides adequate means for the Plan's implementation.

J. **Assumption & Rejection – 11 U.S.C. § 1123(b)(2)**.  Article V of the Plan, pursuant to § 365 of the Bankruptcy Code, provides for the assumption, rejection, or assignment of any executory contract or unexpired lease of the Debtor not previously rejected under such section.

K. **Additional Plan Provisions – 11 U.S.C. § 1123(b)(6)**.  Each of the provisions of

the Plan is appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

L. **Principal Purpose of the Plan – 11 U.S.C. § 1129(d)**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933.

M. **Subchapter V Plan Requirements – 11 U.S.C. § 1189.** The Plan complies with 11 U.S.C. § 1189 because it was filed by the Debtor not later than 90 days after the order for relief under Chapter 11.

N. **Contents of Subchapter V Plan – 11 U.S.C. § 1190.** In compliance with § 1190, the Plan includes: (1) a brief history of the debtor, (2) a liquidation analysis, if applicable and (3) projections, if applicable, with respect to the ability of the Debtor to make payments under the proposed plan for reorganization. The Plan provides for the submission of all or such portions of the future earnings or other future income of the Debtor to the supervision and control of the Subchapter V Trustee as is necessary for the execution of the Plan.

O. **Satisfaction of Conditions – 11 U.S.C. § 1191(a)**. The Court finds that the Plan satisfies the relevant provisions of 11 U.S.C. § 1129(a) and, as a result, is a consensual Subchapter V plan under 11 U.S.C. § 1191(a). With respect to the relevant provisions of 11 U.S.C. § 1129(a), the Court finds and concludes as follows:

   1. **11 U.S.C. § 1129(a)(1) and (a)(2)**. The Plan and the Plan proponent comply with the applicable provisions of the Bankruptcy Code.

   2. **11 U.S.C. § 1129(a)(3)**. The Plan was proposed in good faith and not by any means forbidden by law.

   3. **11 U.S.C. § 1129(a)(4)**. Any payment made or to be made by the Debtor, for services or for costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case, has been approved by, or is subject to the approval

of, the Court as reasonable.

4. **11 U.S.C. § 1129(a)(7)**. The Plan provides that, with respect to each impaired class of claims or interests, each holder of a claim or interest of such class has accepted the plan, or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7 of this title on such date.

5. **11 U.S.C. § 1129(a)(8)**. With respect to each class of claims or interests, the singular class of creditors entitled to vote, Class 2, voted, and all voted or are deemed to have voted in favor of the Plan.

6. **11 U.S.C. § 1129(a)(9)**. Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that each allowed administrative claim is to be paid in full on the Effective Date of the Plan or when the claim is allowed. There is no secured tax claims and no non-accepting classes of claims of a kind specified in the applicable subsections of 11 U.S.C. § 507.

7. **11 U.S.C. § 1129(a)(10)**. If a class of claims is impaired under the Plan, at least one class of claims that is impaired under the Plan has accepted the Plan, determined without including any acceptance of the plan by any insider.

8. **11 U.S.C. § 1129(a)(11)**. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the Plan.

9. **11 U.S.C. § 1129(a)(12)**. All fees payable under 28 U.S.C. § 1930, as determined by the Court at the hearing on confirmation of the plan, have been paid or the

plan provides for the payment of all such fees on the effective date of the Plan.

10. **11 U.S.C. § 1129(a)(16)**. All transfers of property under the Plan shall be made in accordance with any applicable provisions of non-bankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

Accordingly, the Court **ORDERS**:

1. **Confirmation**. The Debtor's Third Amended Subchapter V Plan of Reorganization (the "Plan") (DE 186) is **CONFIRMED** under 11 U.S.C. § 1191(a).

2. **Binding Effect of Plan**. Pursuant 11 U.S.C. § 1141(a), except as provided in §§ 1141(d)(2) and (3), the provisions of the Plan as of the Effective Date, bind the debtor, and any creditor, whether or not the claim or interest of such creditor, is impaired under the Plan and whether or not such creditor has accepted the Plan.

3. **Re-vesting of Property**. Pursuant to 11 U.S.C. § 1141(b), except as otherwise provided in the Plan or in this Confirmation Order, as of the Effective Date, all of the property of the estate vests in the Debtor. Except as provided in §§ 1141(d)(2) and (3) and except as otherwise provided in the Plan or in this Order, after confirmation of the Plan, the property dealt with by the Plan is free and clear of all claims and interests of creditors.

4. **Post-Confirmation Operations**. Except as otherwise provided in the Plan or in this Confirmation Order, on and after the Effective Date, the Debtor may use, acquire, and dispose of property free of any restrictions of the Bankruptcy Code and Bankruptcy Rules and in all respects as if there were no pending case under any chapter or provisions of the Bankruptcy Code. The Debtor is entitled to retain and compensate professionals without the necessity of further approval of this Court. Except as set forth in the Plan concerning objections to claims, the Debtor may also settle or compromise any claims without Court approval.

5. **Injunction and Discharge**.  Except as otherwise expressly provided in the Plan or in this Confirmation Order, as of the Effective Date: (i) the Debtor shall be discharged from any debt to the fullest extent provided by 11 U.S.C. § 1141(d); and (ii) all holders of any discharged claims against the Debtor are enjoined from enforcing any such claim to the fullest extent provided by 11 U.S.C. § 524(a). To the extent the Plan discharge provisions set forth in Article VI of the Plan are inconsistent with this Confirmation Order or the Bankruptcy Code, this Order and the Bankruptcy Code, including 11 U.S.C. § 1141(d) control.

6. **Non-Dischargeable Claim of Belcalis Marlenis Almánzar**. On July 19, 2022, Ms. Almánzar obtained an Amended Defamation Judgement ("Amended Defamation Judgement") against the Debtor in the case of *Belcalis Marlenis Almánzar v. Latasha Transrina Kebe and Kebe Studios, LLC*, Case No. 1:19-cv-01301-WMR (N.D. Ga. 2022). Pursuant to two orders entered in the adversary proceeding filed by Ms. Almánzar against the Debtor under section 523(a)(6) of the Code, one on October 6, 2023 (Adv. No. 23-01153-SMG, DE 11) and the second on January 3, 2024, (Adv. No. 23-01153-SMG, DE 24), Ms. Almánzar's proof of claim No. 5 for the Amended Defamation Judgment in the amount $3,911,680.95 is allowed and excepted from discharge. Debtor shall not pursue any action against Ms. Almánzar, for any claim whatsoever, whether know or unknown as of the Petition Date, arising from or related to the facts supporting the Amended Defamation Judgement and/or POC-5. The Amended Defamation Judgement is non-dischargeable, and no provision of the Plan shall limit, waive, modify or reduce Ms. Almánzar's rights in the Amended Defamation Judgement except to the extent provided in Article VI. J, of the Plan, which provides for a tolling of any applicable statute of limitation and stay of collection actions against the Debtor and others (including Cheickna Kebe and Yelen Entertainment LLC) as described in Article VI. J during the pendency of the Plan so long as there are no uncured defaults

in Plan payments to Ms. Almánzar.[3]

7. **<u>Stay of Certain Conduct Related to Discharge</u>**.

a. Upon the Effective Date of the Plan, all Persons who received actual notice of the Plan, and have been, are or may be holders of Claims (including Late Filed Claims) against the Debtor shall be enjoined from taking any actions against or affecting the Debtor, or the Reorganized Debtor, the Subchapter V Trustee, the Disbursing Agent, or any of their respective property on account of such Claims or Equity Security Interest (other than actions brought to enforce any rights or obligations under the Plan). This **<u>does not</u>** include Cheickna Kebe and Yelen Entertainment, LLC.

b. Upon the Effective Date of the Plan, and during the pendency of the Plan, so long as there are no uncured defaults in Plan payments to Ms. Almánzar, Ms. Almánzar solely and individually, shall be enjoined from taking any actions against or affecting the Debtor, or the Reorganized Debtor, the Subchapter V Trustee, the Disbursing Agent, the Debtor's Insiders and Affiliates, **specifically including Cheickna Kebe and Yelen Entertainment, LLC**,[4] and any of their current managers, officers, directors, employees, counsel, advisors, respective professionals, consultants, Insiders and Affiliates and their respective successors or assigns (the "Affected Parties"), or any of their respective property on account of such Claims or Equity Security Interest (other than actions brought to enforce any rights or obligations under the Plan) and Ms. Almánzar has agreed in writing to this treatment of her claims.

c. Each of the above include, without limitation:

---

[3] So long as timely Plan payments are made to Ms. Almánzar consistent with the Plan, the injunctive language of Article VI.J. shall remain in full force and effect as to Ms. Almánzar.
[4] The stay conduct contemplated herein shall specifically apply to any claim by Ms. Almánzar only against Cheickna Kebe and Yelen Entertainment, LLC and any of Mr. Kebe's Affiliates and Ms. Almánzar consented to same.

      i.      Against the filing, commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtor, with respect to any property of any of the foregoing or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing, or any property of any such transferee or success except as specifically authorized in the Plan;

      ii.      Enforcing, levying, attaching (including, without limitation, any prejudgment attachment), collecting or otherwise recovering by any means or in any manner, whether directly or indirectly, any judgment award, decree or other Order against the Debtor, with respect to any property of any of the foregoing or any of the direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing, or any property of any such transferees or successor, except as specifically authorized in the Plan;

      iii.      Creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any liens or encumbrances against the Debtor, with respect to any property of any of the foregoing or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing, or any property of any such transferee or successor except as specifically authorized in the Plan;

      iv.      Setting-off, seeking reimbursement or contribution from or subrogation against or otherwise recouping in any manner, directly or indirectly, any amount against any liability owed to the Debtor, or any direct or indirect transferee of any property of, or successor in interest to, any of the foregoing except as specifically authorized in the Plan; or

    v.  Proceeding in any manner and any place with regard to liquidating any Claim in any forum other than United States Bankruptcy Court for the Southern District of Florida or, if that Court does not have jurisdiction thereon, in the United States District Court for the Southern District of Florida, or any court in the State of Florida with competent jurisdiction.

  8.  **<u>Tolling of Applicable Statute of Limitations</u>**. Assuming neither Debtor nor any of Debtor's Insiders and/or Affiliates are in uncured breach of the Plan, all applicable statutes of limitations for any claims or causes of action that Ms. Almánzar may have against the Debtor's Insiders (including Cheickna Kebe and Yelen Entertainment, LLC) and their Affiliates shall be tolled for the duration of the Plan. Assuming neither Debtor not any of Debtor's Insiders and/or Affiliates are in uncured breach of the Plan, the tolling period ("Tolling Period") shall commence on the Effective Date of the Plan and continue until the Plan is fully consummated or otherwise terminated by the Bankruptcy Court. During this time, no claim or cause of action that a creditor has or may have against the Debtor's Insiders and their Affiliates is barred by any statute of limitations that would have otherwise expire during the Plan's term. The Tolling Period shall be excluded from, and no be counted in computing the running of time under any statute of limitations or other time-based defenses that might be asserted as a bar or limitation to any such claim, suit or action, and the Debtor and Debtor's Insiders and Affiliates forever irrevocably waive the same.

  9.  **<u>Exception to Stay for Commencing Actions to Preserve Claims</u>**. Notwithstanding any provision of the Plan or the Bankruptcy Code, the stay described in section a., b. and c. above shall not bar the filing of any complaint, claim, or other action by Ms. Almánzar solely to preserve a cause of action that would otherwise be extinguished by an applicable statue of repose. Any such action shall be limited to filing and preserving the claim or cause of action to

avoid its expiration under the applicable statute of repose and shall not proceed to adjudication or enforcement without further relief from the Bankruptcy Court.

10. **Disbursing Agent**. The Debtor shall make all payments under the Plan, including any deposits required by the Plan to be distributed on confirmation or through the life of the Plan. Timely distributions to Ms. Almánzar shall be made in accordance with payment instructions to be provided separately by Ms. Almánzar's counsel.

11. **Income Tax Returns**. During the pendency of this case and through the term of the Plan, the Debtor shall provide copies of yearly income tax returns simultaneously to the Subchapter V Trustee and counsel for Ms. Almánzar (but not file with the Court) no later than 30 days after the filing of the income tax return with the underlying taxing authority.

12. **Quarterly Reporting**. During the pendency of this case and through the term of the Plan, the Reorganized Debtor shall file post-confirmation quarterly operating reports on or before the twenty-first day of the month after the end of each calendared quarter. To the extent the Debtor's actual disposable income, as reflected in the quarterly post-confirmation operating reports exceeds the Debtor's *projected* disposable income in the Plan, the distribution to Class 2 unsecured creditors will be based upon the Debtor's actual disposable income. If the Debtor's actual disposable income is less than the Debtor's projected disposable income, distribution to Class 2 unsecured creditors will nonetheless be based on the Debtor's projected disposable income.

13. **United States Trustee Guidelines**. Until the Effective Date of a confirmed plan, the Debtor shall continue to file the Small Business Monthly Operating Report. Within two business days of the Effective Date, the reorganized debtor and any other authorized parties who have been charged with administering the confirmed plan shall file a Notice of Occurrence of the Effective Date, identifying the Effective Date and indicating that it has occurred. Following the Effective Date of the confirmed plan, the reorganized debtor and any other authorized parties who

have been charged with administering the confirmed plan shall file the UST Form 11-PCR, Post confirmation Report, every calendar quarter until the earlier of: (1) the administrative closing of the case; (2) the entry of a final decree; (3) the conversion of the case to a case under another chapter; or (4) the dismissal of the case.

    14.    **<u>Non-Disparagement</u>**. As a condition of the Debtor's Subchapter V Plan of Reorganization, the Debtor on behalf of herself, and her estate, her heirs, and her affiliated entities, and the representatives, agents, employees, and contractors of Debtor, her estate, her heirs, her affiliated entities, and any other company in which the Debtor has a direct or indirect interest (collectively, the "Debtor Parties"), agrees not to publicly make, publish, or communicate, whether directly or indirectly, any derogatory, disparaging, or defamatory statements, remarks, or comments (a "Prohibited Comment") about Ms. Almánzar, her family members (including without limitation her children born prior to or after the Petition Date, husband, siblings, parents, step-parents, grandparents, aunts, uncles, nieces, nephews and cousins (excluding any cousins more removed than second cousins), and/or any/all entities owned or controlled by Ms. Almánzar (collectively, the "Almánzar Parties") in any public form or medium, including but not limited to social media accounts, websites, blogs, or other communication channels and including but not limited to those owned or controlled, fully or partially, by the Debtor Parties and/or by Cheickna Kebe and/or by Yelen Entertainment, LLC and further including but not limited to "unwinewithtashak," "The Wine Cellar Podcast," or "Tasha K Live."

    a.    The Debtor shall ensure that no content related to Ms. Almánzar and/or her family, whether explicitly or implicitly, will be published or disseminated on any of the Debtor's social media accounts, websites, blogs, or other online communication channels, including without limitation "unwinewithtashak," "The Wine Cellar Podcast," or "Tasha K Live."

b. Any of the Almánzar Parties not known to be related to Almánzar by the Debtor and/or by the general public shall be referred to herein as an "Unidentified Almánzar Party." To the extent a Prohibited Comment is made with respect to an Unidentified Almánzar Party, Almánzar or any person acting on her behalf shall give written notice to: i) the Debtor and her counsel, Chad Van Horn, via e-mail at: tashatkebe@gmail.com, chad@cvhlawgroup.com and chapter11@cvhlawgroup.com; and ii) to Mr. Kebe and Yelen Entertainment, LLC and their counsel at: directorcheick@gmail.com and brett@elrolaw.com (a "Prohibited Comment Violation Notice"). The Debtor Parties shall have forty eight (48) hours from receipt of the Prohibited Comment Violation Notice to remove any content constituting a Prohibited Comment from any place, including but not limited to social media platforms and including but not limited to those owned or controlled by the Debtor Parties or any company owned or controlled fully or partially by Cheickna Kebe, including without limitation Yelen Entertainment, LLC, and thus cure any violation of the Non-Disparagement Agreement. Once an Unidentified Almánzar Party has been identified as related to Almánzar, such party shall no longer be deemed an Unidentified Almánzar Party.

c. This provision remains in place for the Debtor for the duration of this Subchapter V Plan of Reorganization under of the Bankruptcy Code. Failure to implement a timely cure to any violation within this provision shall constitute a material breach of the Plan and may result in additional legal remedies sought by Ms. Almánzar, including without limitation the legal right to seek dismissal of the Debtor's bankruptcy case or conversion to a Chapter 7 of the Bankruptcy Code.

15. **Executory Contracts and Leases**. Except as otherwise provided in a separate order of the Court, all executory contracts and unexpired leases not otherwise assumed are deemed

rejected as of the Effective Date and Debtor is authorized to enter into such contracts as Debtor deems appropriate without the need for a motion and hearing in this Court.

16. **Release of Garnished Funds**. On the Effective Date, Daniel Seelos, Esq. is authorized and directed to release the funds held in his trust account from Google, LLC and Chase Bank to Ms. Almánzar through, and as directed by her counsel, Lisa Moore, Esq.

17. **Effect of Confirmation Order on Plan**. The failure to reference or address all or part of any particular provision of the Plan herein has no effect on the validity, binding effect, or enforceability of such provision and such provision has the same validity, binding effect, and enforceability as every other provision of the Plan. To the extent that any inconsistencies exist between the terms of the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

18. **Service of Confirmation Order**. Chad Van Horn, Esq. is directed to serve a copy of this Order on all parties and file a certificate of service within three (3) days of the entry of this Order.

19. **Documents Required to Effectuate Plan**. The Debtor is authorized to execute any and all documents reasonably required to effectuate the provisions of the Plan or prior Orders of this Court.

20. **Modification After Confirmation**. Under 11 U.S.C. § 1193(b), the Debtor may modify the Plan at any time after confirmation of the Plan and before substantial consummation of the Plan, but may not modify the Plan so that the Plan as modified fails to meet the requirements of 11 U.S.C. §§ 1122 and 1123, with the exception of 11 U.S.C. § 1123(a)(8). The Plan, as modified, becomes the Plan only if circumstances warrant the modification and the Court, after notice and a hearing, confirms the Plan as modified under 11 U.S.C. § 1191(a). Under 11 U.S.C. § 1193(d), any holder of a claim or interest that has accepted or rejected the Plan is deemed to have

accepted or rejected, as the case may be, the Plan as modified, unless, within the time fixed by the Court, such holder changes the previous acceptance or rejection of the holder.

21. **Subchapter V Trustee**. The Subchapter V Trustee shall continue through the life of the Plan. The Subchapter V Trustee may be entitled to additional compensation for services provided after confirmation. The Subchapter V Trustee shall invoice the Reorganized Debtor for any post-petition services or expenses throughout the life of the Plan, and any such invoices shall be paid pursuant to the payment terms described in any such invoice. To the extent the Debtor objects to payment of a post-confirmation invoice of the Subchapter V Trustee, and the Debtor and the Subchapter V Trustee are not able to consensually resolve such dispute, the Subchapter V Trustee may file additional or supplemental fee applications with the Court for approval. Upon approval of the Subchapter V Trustee's fee applications, as long as all professional administratively claims are similarly treated in the Plan, the Debtor shall pay all fee amounts due to the Subchapter V Trustee on the effective date of the Plan and pay the Subchapter V Trustee's invoices (if agreed) or fee applications to the extent, and in the amount approved by the Court, over the remaining life of the Plan.

22. **Jurisdiction**.  The Bankruptcy Court retains jurisdiction to:

 a. Resolve issues with respect to the Debtor's substantial consummation of the Plan and to the extent the Debtor seeks to amend or modify the plan;

 b. Resolve any motions, adversary proceedings, or contested matters, that are pending as of the date of substantial consummation;

 c. Adjudicate objections to claims;

 d. Resolve disputes with respect to any and all injunctions created as a result of confirmation of the Plan;

 e. Review and consider issues associated with the Debtor's final report and entry of final decree, and to enter a final decree; and

 f. Enter such orders as the Court deems necessary or appropriate with respect to enforcement of the Plan.

23. **Supplemental Fee Applications.** Debtor's counsel and any other party required to file an Application for Compensation, are authorized to do so with a twenty-one (21) day negative notice and if no objections are filed, upload an order awarding their respective fees once the negative notice period expires.

24. The Court will conduct an **in-person** post-confirmation status conference on *Wednesday, September 10, 2025 at 1:30 p.m. at the U.S. Courthouse, 299 East Broward Boulevard, Courtroom 308, Fort Lauderdale, FL 33301*.

# # #

Submitted by:

Chad Van Horn, Esq.
Florida Bar No. 64500
**VAN HORN LAW GROUP, P.A.**
500 N.E. 4th Street, Suite 200
Fort Lauderdale, FL 33301
Telephone: (954) 765-3166
Facsimile: (954) 756-7103
Email: Chad@cvhlawgroup.com

*(Chad Van Horn, Esq. is directed to provide a copy of this signed Order to all parties of record and to file a Certificate of Service conforming with Local Rule 2002-1(F).*