UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

                                                      Case No.: 23-14082-SMG

LATASHA TRANSRINA KEBE,              Chapter 11

                                                      Subchapter V

        Debtor.

_____/

## NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM*
### *(Documents May Be Produced In Lieu of Appearance)*

      BELCALIS MARLENIS ALMÁNZAR, ("***Ms. Almánzar***") by and through undersigned counsel, pursuant to Federal Bankruptcy Rule 2004 and Local Rule 2004-1, will examine the following person under oath at the date, time and place set forth below:

**NAME**:      **Latasha Transrina Kebe ("*Debtor*")**

**DATE**:        **March 16, 2026**

**TIME**:        **10:00 a.m. ET**

**PLACE**:     The law offices of Meland Budwick, P.A.
                      3200 Southeast Financial Center
                      200 South Biscayne Blvd.
                      Miami, FL 33131

***Note***:  *Any parties planning on attending should contact our office prior to the examination to ensure that the examination has not been rescheduled to another date.*

      The examination may continue from day to day until completed. If the examinee receives this notice less than 14 days prior to the scheduled examination date, the examination will be rescheduled upon timely request to a mutually agreeable time.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

The examination is pursuant to Bankruptcy Rule 2004 and Local Rule 2004-1, and will be recorded by video and/or stenographic means before a court reporter or any officer duly authorized by law to administer oaths and record testimony. The scope of the examination shall be as described in Bankruptcy Rule 2004. Pursuant to Local Rule 2004-1, no order shall be necessary.

The Examinee is further directed to produce pursuant to Local Rule 2004-1(D), as provided under Fed. R. Civ. P. 45(a)(1)(C), as adopted by Fed. R. Bankr. P. 9016, all of the documents described on **Exhibit A** for inspection and copying to undersigned counsel on or before **March 16, 2026 by 10:00 a.m. (ET).**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on February 27, 2026, via the Court's Notice of Electronic Filing upon Registered Users listed on the attached **Exhibit 1**.

By: */s/James C. Moon*
James C. Moon, Esq.
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Blvd.
Miami, Florida 33131
Telephone: (305) 358-6363
Facsimile: (305) 358-1221

*Counsel for Belcalis Marlenis Almánzar*

# EXHIBIT A
## DEFINITIONS

1.      "And" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any documents or document or information that might otherwise be construed to be outside its scope.

2.      "Any" means one or more.

3.      "Balance Sheet" means the statement of assets and liabilities and owner(s) investments, also known as a statement of financial condition or statement of financial position.

4.       "Communication" means every manner of means of disclosure, transfer, or exchange of information, whether in person, by telephone, mail, email, chat, instant message, direct message, text message, personal delivery, or otherwise.

5.       "Concerning" means consisting of, reflecting, referring to, Relating to, regarding, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or to rebut) the subject matter designated in any paragraph of these Requests. A request for Documents "Concerning" a specified subject matter shall always include Communications, notes, and memoranda (whenever prepared) Relating to the subject matter of the Request

6.       "Control" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

7.      "Debtor" shall mean Latasha Transrina Kebe, aka "Tasha K."

8.      "Defamation Judgment" means the Amended Judgment entered against Debtor and Kebe Studios LLC in *Almanzar v. Kebe et al*., Case No. 1:19-cv-01301-WMR (N.D. Ga.) dated July 19, 2022.

9.      "Describe," "discuss," "analyze," "describing," "discussion," or "analyzing," mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

10.      "Document" or "documents" shall mean any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, emails, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

11.      "Evidencing" means having a tendency to show, prove or disprove.

4

12.     "Including" shall mean including but not limited to.

13.     "Islea Wine" shall mean the "signature sparkling wine" described by Debtor on her UnwineWithTashaK platform:

https://www.tiktok.com/@unwinewithtashak/video/7592829168379841806

14.     "Cheickna Kebe" shall mean Cheickna Kebe, Debtor's spouse.

15.     "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

16.     "Pertaining to", "referenced", "regarding", "concerning", "relating to" or "related to", means logically connected with or tending to be associated with either in logic or reason.

17.     "Petition Date" shall mean May 25, 2023.

18.     "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus, documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

19.     "Representative" means any and all agents, employees, servants, officers, directors, attorneys or other person(s) acting or purporting to act on behalf of the person(s) in question.

20.     "Requests" means Ms. Almánzar's Request for Production of Documents to You.

21.     "Social Media Platforms" shall mean any of the Debtor's social media platforms upon which Debtor utilizes the trademark "UnWineWithTashaK", or "Tasha K Onstage," or "TashaK Live" to include, **without limitation**:

    a.     <u>YouTube</u>:

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

https://www.youtube.com/channel/UCeh2lG0oUUMk8B6-l5ctB6w

https://www.youtube.com/live/ky2O4KKrzlI

b.  <u>Instagram</u>:   @unwinewithtashak

c.  <u>Facebook</u>:   https://www.facebook.com/unwinewithtashak/

d.  <u>Tik Tok</u>:   @unwinewithtashak

e.  <u>Google App Store</u>:

https://play.google.com/store/apps/details?id=tv.uscreen.tashak&hl=en_US&gl=US

f.  <u>Apple App Store</u>:

https://apps.apple.com/us/app/tashak-live/id1586136543

g.  Roku:

https://channelstore.roku.com/details/5c85944a550b63179b296b9147edc49f/tashak-live

h.  TashhaK Live: www.TashakLive.com

i.  TashaKonstage: www.tashakonstage.com

j.  Threads: https://threads/com/@unwinewithtashak

k.  TK Deals:   https://shoptkdeals.com/

l.  Tubi:   https://tubitv.com/movies/100039998/everyone-talks-to-someone

m.  X:   https://x.com/UNWINEWITHTASHA

22.  "Stash Media Works" shall mean Stash Media Works, LLC, a Florida limited liability company.

6

1.      "Tasha K Onstage" shall mean Debtor's live show currently scheduled for March

14, 2026 (or any other venue to be announced) and advertised on the world wide web at:

https://tashakonstage.com.

23.      "TK Deals" shall mean the website selling home, health, and beauty products found

at https://shoptkdeals.com.

24.      "Yelen Entertainment" shall mean Yelen Entertainment LLC, a Florida limited

liability company.

25.      "You" and "Your" shall mean Latasha Transrina Kebe, aka Tasha K.

26.      The singular form of a noun or pronoun shall be considered to include within its

meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or

pronoun shall be considered to include within its meaning the feminine form of the noun or

pronoun, and vice versa.

27.      Regardless of the tense employed, all verbs shall be read as applying to the past,

present and future as is necessary to make any paragraph more, rather than less, inclusive.

28.      All words, terms, and phrases not defined herein are to be given their normal and

customary meaning in the context in which they are used.

## **INSTRUCTIONS**

1.      These Requests incorporate by reference and are governed by Bankruptcy Rule

2004 and Local Rule 2004-1.

2.      In answering these Requests, you are required to furnish all information that is

available to you or subject to your reasonable inquiry, including information in possession of your

attorneys, accountants, advisors, or other persons directly or indirectly employed by or connected

with you or your attorneys, and anyone else otherwise subject to your control. Moreover, you must

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

make a diligent search of your records and other papers and materials in your possession or available to you or your representatives.

3.      The Federal Rules of Civil Procedure require production of the documents as they are kept in the usual course of business or organized and labeled to correspond to each category of documents requested.  All file folders, tabs, and other means of collection or storing are required to be produced along with the documents. Please do not produce documents without clearly indicating to which request they correspond.  Documents should be produced electronically via Sharefile, Dropbox or similar platform to James Moon, Esq. at jmoon@melandbudwick.com or on a thumb drive or similar external storage device delivered to the law offices of Meland Budwick, P.A., 3200 Southeast Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131, unless agreed otherwise.

4.      If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please identify the following with respect to each such document:

(a) the nature of the privilege which is being claimed;

(b) the type of document;

(c) the general subject matter of the document;

(d) the date of the document;

(e) the author of the document;

(f) the addressee of the document; and

(g) where not apparent, the relationship of the author to the addressee.

5.      In the event that any document called for by this schedule has been (i) destroyed, (ii) discarded, and/or (iii) removed from the requested files prior to production on grounds other than privilege, please identify the following with respect to each such document:

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

(a) the name and current address of the person who prepared the document and the person to whom it was addressed;

(b) any indicated or blind copies;

(c) the document's date, subject matter, number of pages, and attachments; and

(d) the person(s) who authorized and/or carried out such destruction and/or removal.

6.     This request is continuing and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

7.     If you contend that any of these Requests are objectionable, please answer to the extent that you believe should be properly narrowed or otherwise unobjectionable.

8.     This request calls for the production of all electronic Documents and electronically stored information (ESI) responsive to the requests below, including but not limited to e-mails and any related attachments, electronic files, or other data compilations that relate to the categories of Documents requested below. Your search for these electronically stored Documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, iPhones, smart phones, tablets, iPads, proprietary software, and inactive or unused computer disc storage areas. Unless otherwise specified in a specific request, all ESI shall be produced in the format described below:

### Production of Electronically Stored Information (ESI)
### FORM OF PRODUCTION

The Plaintiff requests that all ESI (electronically stored information) be produced as single-page Tagged Image File Format ("TIFF" or ".tiff") images with accompanying load files as reflected below:

ESI is to be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIFF or .tiff) files in single-page format, with native files and word searchable OCR/extracted text (Optical Character Recognized – *i.e.* searchable text). Load files will be provided in a Concordance-type (.DAT) format including a separate load file for loading of OCR/Extracted text files. The text file containing the OCR/Extracted Text shall be produced in single page format with the name corresponding to its associated image. It should also be in the same folder as the tiff images. Color pages should be produced as color JPEG images.

Redacted documents shall be produced in 300DPI Group IV Monochrome Tagged Image File Format (.TIFF or .tiff) files without native files or redacted information. Metadata for redacted files shall be produced. Metadata which discloses the content of redacted information may be withheld.

**General Deliverable Requirements**

- **Load File Names:** All load files should be named with a consistent naming convention

- **Directory Counts:** All folders should have a maximum file count of 1,000 files per folder

**Data Load File**

- **Load File Type:** .DAT
- **Header:** First line should be a header row identifying the fields contained in the file
- **Fields:** May contain any number of metadata fields
- **Dates:** Date Fields should be provided as MM/DD/YYYY
- **File Paths:** May contain Native or Text File Paths where available*[1]
- **Encoding:**
  > ASCII
  > Unicode
  > Unicode (Big-Endian)
  > Unicode (UTF-8)

- **Delimiters:**

| Delimiter | Character | ASCII Value |
|-----------|-----------|-------------|
| Comma | | (020) |
| Quote | Þ | (254) |
| Newline | ® | (174) |
| Multi-Value | ; | (059) |

- **Example File:**

---
[1] A Native Load File is unnecessary if paths are embedded in the Data Load File.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Image Load File**
- **Load File Type:** .OPT
- **Image File Type:**
  - Black and White: Single Page Group IV TIFF
  - Color: JPEG
- **File Naming:** Image Files should be named to match the Page Identifier
- **Fields:** Not all of the below fields are required, but each must be represented in the file

| Field | Is Required | Details |
|---|---|---|
| ImageID | Yes | Image Page Identifier |
| Volume | No | Image Page Identifier |
| Image File Path | Yes | Path to the Image File |
| Document Break | Yes | Populated with a Y wherever a new document begins |
| Folder Break | No | |
| Box Break | No | |
| PageCount | Yes | |

- **Example File:**

**Native Files**
- **Load File Type:** .CSV
- **File Naming:** Native files should be named to match the Document Identifier
- **Fields:** Document Identifier and Native File Path
- **Example File:**

**Text Files**
- **Load File Type:** No load file required
- **Text File Type:** Extracted Text or OCR text files at a Document level or Page Level
- **File Naming:**
  - Document Level Files – Text files should be named to match the Document Identifier
  - Page Level Files – Text files should be named to match the Page Identifier

The following fields, including metadata, will be produced: (Metadata is defined as "unaltered metadata that exists at the time of collection").

| Field | Field Description |
|---|---|
| BEGDOC | Beginning Bates or Document id |

| | |
|---|---|
| ENDDOC | Ending Bates or Document id |
| BEGATTACH | Beginning Bates or Document id of attachment |
| ENDATTACH | Ending Bates or Document id of attachment |
| Name | Document name |
| FileTypeDescription | Document Type Description |
| Extension | File extension |
| Author | Document author |
| Custodian Name | Custodian (Last, First) |
| Source | Source |
| DateCreated | Date created |
| DateModified | Date Modified |
| Document Type | Document Type |
| Email Recipient To | To (Name + email) |
| Email Recipient Cc | CC (Name + email) |
| Email Recipient Bcc | BCC (Name + email) |
| Email Sender | Sender (Name + email) |
| Email Sent Time | Date email sent (Sort field) |
| Email Subject | Subject of email |
| MD5Hash | Hash_Code |
| Native Relative Path | Native link |

9.      **Unless otherwise specified, the documents and communications requested in Exhibit A are limited to Documents and Communications authored, generated, or pertaining to the period between March 1, 2025, to present.**

[Remainder of page intentionally left blank. Next page is Exhibit A.]

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

## EXHIBIT A

## REQUESTED DOCUMENTS

1.     All Documents reviewed, referenced or relied upon by Debtor for completion of Debtor's Post-Confirmation Quarterly Reports, specifically Docket Nos. 206, 210 and 212.

2.     All Documents evidencing actual revenue received by the Debtor, Yelen Entertainment, Stash Media Works or any other entity owned, partially or solely by the Debtor and/or Cheickna Kebe from YouTube, including but not limited to Monetization reports, YouTube Studio analytics, AdSense statements, payment summaries, revenue dashboards, 1099s, bank deposits reflecting YouTube income, and contracts or agreements with YouTube or related monetization entities from March 1, 2025 to the present.

3.     All Documents evidencing actual revenue received by the Debtor, Yelen Entertainment, Stash Media Works or any other entity owned, partially or solely by the Debtor and/or Cheickna Kebe from Meta (Facebook, Instagram, Threads), including monetization reports, Meta Creator Studio reports, payment summaries, ad revenue statements, performance dashboards, 1099s, and bank records reflecting deposits from March 1, 2025 to present.

4.     All Documents evidencing revenue received by the Debtor, Yelen Entertainment, Stash Media Works or any other entity owned, partially or solely by the Debtor and/or Cheickna Kebe from third-party advertising platforms, including but not limited to sponsorship agreements, advertising insertion orders, affiliate agreements, revenue share agreements, platform dashboards, payment confirmations, 1099s, and bank deposit records.

13

5.      Copies of all contracts between the Debtor, Stash Media Works or Yelen and any third party, including without limitation advertising contracts related to advertisements run on the UnwineWithTashaK platforms.

6.      Copies of all documents and communications related to the creation and business of "Islea Wine," as described by the Debtor on her UnwinewithTashaK platform here: https://www.tiktok.com/@unwinewithtashak/video/7592829168379841806https://www.tiktok.com/@unwinewithtashak/video/7592829168379841806.

7.      All documents and communications related to revenue received by the Debtor, Stash Media Works or Yelen from the sale of products on the website "TK Deals" located at: https://shoptkdeals.com/

8.      All Documents reflecting revenue from work-for-hire engagements, including contracts, statements of work, invoices issued, payments received, 1099s or W-2s, and communications regarding compensation.

9.      All Documents reflecting revenue from comedy tours, including venue agreements, ticket sale reports, settlement sheets, promoter agreements, merchandise sale reports, sponsorship income, settlement statements, and bank deposits.

10.      All Documents and Communications between Debtor and any third party related to any posts on social media regarding or relating, directly or indirectly, to Ms. Almánzar or the "Debtor Parties" as defined in ¶14 of the Order Confirming Debtor's Subchapter V Plan of Reorganization ("**Confirmation Order**"), including without limitation.

11.      Documents and Communications regarding any and all social media content, regardless of whether same has been identified by Ms. Almánzar as a prohibited comment, where

14

derogatory, disparaging, defamatory statements, remarks or comments ("Prohibited Comments") were made in which Ms. Almánzar or the Debtor Parties were directly or indirectly referenced.

12.     All Documents sufficient to identify and substantiate any income-generating activity not reflected on the revenue projections chart, attached as Exhibit B to the Third Amended Chapter 11 Plan of Reorganization Under Subchapter V for Latasha Transrina Kebe [Dkt. No. 186].

13.     Bank statements and canceled checks for the Stash Media Works Bank of America account ending 3924 for the period from March 5, 2025, through and including March 31, 2025.

14.     Bank statements and canceled checks for the Latasha Kebe DIP account JPMorgan Chase account ending 5293 for the below listed time periods:

     i.    March 5, 2025, through March 22, 2025;

     ii.    April 22, 2025, through May 22, 2025; and

     iii.    December 19, 2025, through December 31, 2025.

15.     Copies of the books and records (including financial records) of Stash Media Works including loans to or from the business, intercompany transfers, and any compensation paid to Debtor.

16.     A copy of the Debtor's financial statement generated by QuickBooks or other similar accounting software.

17.     Income Tax Returns for Debtor (including jointly filed) for 2025 (including all schedules) and including any 1099 forms and Schedule K-1 forms.

18.     Documents and or communications provided to Debtor's accountant, if any.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

19.     Copies of all checking account statements for any accounts for which you currently have and *have had* signatory authority from March 1, 2025, to the present, whether personal, business or joint accounts, as well as all cancelled checks.

20.     Copies of credit card statements of credit cards, held individually by the Debtor or jointly with another person, from March 1, 2025, to the present.

21.     All statements from all of Debtor's investment, trading or retirement accounts in which Debtor has or had any interest, from March 1, 2025, to the present.

22.     A complete list of all assets held by Debtor or Cheickna Kebe, including without limitation: financial assets, real property, art, personal property (including household furnishings, appliances and improvements) and gifts acquired from March 1, 2025, to the present.

23.     All communications with the Internal Revenue Service regarding Debtor's tax return for 2025.

24.     Name and contact information for any bookkeepers, accountants, tax preparers and/or CPAs that have prepared tax returns or maintained the books and records for you, Cheickna Kebe, Yelen, Stash Media Works and any other entities in which the Debtor held an interest since March 1, 2025.

25.     Back-up copy of any QuickBooks files with administrative username and password for the Debtor, Kebe Entities and any other entities in which the Debtor or Cheickna Kebe held an interest since March 21, 2019.

26.     All documents and/or communications evidencing Debtor's income and manner of payment since March 1, 2025.

27.     All Financial Statements issued by Debtor.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

28.     All Financial Statements issued by Stash Media Works.

29.     Credit applications and financial statements prepared by or for the Debtor (individually or jointly) and submitted to any bank, finance company, or other lender to obtain a loan or credit line from March 1, 2025, regardless of whether the loan was approved, including any application for the purchase or lease of an automobile.

30.     Identification of all loans made to or from Debtor, amount of loans, name and address of person lending funds, and accounting of amounts repaid.

31.     A Balance Sheet for the Debtor, detailed and summary, year to date.

32.     A Balance Sheet, detailed and summary, as of March 1, 2025, or the last Balance Sheet created for Yelen or Stash Media Works.

33.     A Balance Sheet, detailed and summary, as of the Petition Date for any entities in which the Debtor has or had an interest, other than Yelen or Stash Media Works.

34.     Debtor's lease, or other agreement (if any) evidencing agreed rent, term and conditions of residence related to Debtor's current place of residence.

35.     Documents or communications evidencing payments made to Debtor for live shows or walk throughs of venues.

36.     Statements from any and all Social Media Platforms evidencing payments made to Debtor as a result of (i) monthly subscriptions, (ii) pay-per-view (PPV) content, (iii) private messages/media and/or (iv) tips or YouTube "super chat" donations or payments since March 1, 2025.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

37.     Documents evidencing all payments made directly or indirectly to Debtor or on Debtor's behalf through CashApp, PayPal, Venmo, Zelle, or like mobile payments services, such as account statements since March 1, 2025.

38.     Documents or communications evidencing the location, dates and terms for payments made to Debtor for live appearances, walk-throughs or guest appearances on social media platforms of third parties since March 1, 2025.

39.     Documents and/or communications evidencing contractual relationships between the Debtor and any third party.

40.     Corporate documents, including without limitation operating agreements, member distribution agreements, books and records for any entities in which the Debtor has an interest or had an interest other than Yelen or Stash Media Works as may have been amended from time to time since March 1, 2025.

41.     A list of all advertisers that have paid the Debtor directly or indirectly through Yelen or Stash Media Works in money, goods or services for their product placement, use and/or endorsement on the Debtor's, Yelen's or Stash Media Works's social media sites or at personal appearances.

42.     Documents evidencing payments made by any social media platform (i.e. YouTube, TikTok, Instagram, Facebook, Twitter) directly or indirectly to Debtor.

43.     All offers of employment or contract work to Debtor since March 1, 2025.

44.     All employment or contract work agreements (whether formal or informal) since March 1, 2025.

18

45.     All paystubs, receipts, or communications reflecting payments made directly or indirectly to Debtor (or any service business on her behalf) since March 1, 2025.

46.     A statement regarding Debtor's direct or indirect compensation from every source since March 1, 2025.

47.     All documents and Communications related to any compensation, wages, salary, commissions, bonuses, draws, distributions, or other payments made by Debtor to any employee, independent contractor, consultant, agent, or other person, including but not limited to:

    i.   Payroll registers;

    ii.   Payroll summaries and payroll journals;

    iii.   Forms W-2, W-3, 1099-NEC and 1099-MISC;

    iv.   Forms 940, 941 and any other payroll tax filings;

    v.   Payroll service provider records (e.g., ADP, Gusto, Paychex, QuickBooks Payroll, or similar providers);

    vi.   Pay stubs, earning statements or compensation/employment agreements; and

    vii.   Documentation sufficient to show the dates, amounts, method and purpose of each such statement.

48.     Documents sufficient to identify each employee, independent contractor, consultant, or other Person who received compensation or payment from Debtor from March 1, 2025 to present, including:

    i.   The Person's full name;

    ii.   The Person's job title or position;

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

iii.   A description of the Person's job duties or services performed;

iv.   Dates of employment or engagement; and

v.   Total compensation paid to each such Person

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

# EXHIBIT 1

**Electronic Mail Notice List**

The following is the list of **<u>parties</u>** who are currently on the list to receive email notice/service for this case.

- **Karen Ann Green**    ANHSOrlans@InfoEx.com
- **Brett D Lieberman**    brett@elrolaw.com,
  eservice@elrolaw.com;tisha@elbizlaw.com;virginia@elbizlaw.com;denissis@elbizlaw.com
- **James C. Moon**    jmoon@melandbudwick.com,
  ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Martin P Ochs**    martin.p.ochs@usdoj.gov
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Raychelle A Tasher**    Raychelle.Tasher@usdoj.gov,
  bridgett.moore@usdoj.gov;Shannon.Patterson@usdoj.gov
- **Chad T Van Horn**    Chad@cvhlawgroup.com,
  chad@ecf.inforuptcy.com,chapter7@cvhlawgroup.com,broward@cvhlawgroup.com,chapter11@cvhlawgroup.com,miami@cvhlawgroup.com,cmecf@cvhlawgroup.com,VanHorn.ChadB104447@notify.bestcase.com,ECF@cvhlawgroup.com,van-horn-law
- **Maria Yip**    trustee@yipcpa.com,
  mmy@trustesolutions.net;cmmy11@trustesolutions.net;F012@ecfcbis.com