UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

LATASHA TRANSRINA KEBE,

        Debtor.

_____/

Case No.: 23-14082-SMG
Chapter 11
Subchapter V

## <u>NOTICE OF SERVICE OF SUBPOENAS TO BE SERVED</u>

BELCALIS MARLENIS ALMÁNZAR, (“***Ms. Almánzar***”), by and through undersigned counsel, provides notice upon all parties in this proceeding, in accordance with *Fed R. Civ. P.* 45, that Almánzar will serve the Subpoenas to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) directed to the following non-parties: Yelen Entertainment LLC and Stash Media Works, LLC in the form attached as **Composite Exhibit 1.**

Dated: February 27, 2026.

Respectfully submitted,

By:   */s/James C. Moon*
      James C. Moon, Esq.
      Florida Bar No. 938211
      jmoon@melandbudwick.com
      MELAND BUDWICK, P.A.
      3200 Southeast Financial Center
      200 South Biscayne Blvd.
      Miami, Florida 33131
      Telephone: (305) 358-6363
      Facsimile: (305) 358-1221

      ***Counsel for Belcalis Marlenis Almánzar***

1

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on February 27, 2026, via the Court's Notice of Electronic Filing upon Registered Users set forth on the Electronic Mail Notice List and served via Regular U.S. Mail upon the parties listed on the Manual Notice List.

*/s/James C. Moon*
James C. Moon, Esq.

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Karen Ann Green**    ANHSOrlans@InfoEx.com
- **Brett D Lieberman**    brett@elrolaw.com,
  eservice@elrolaw.com;tisha@elbizlaw.com;virginia@elbizlaw.com;denissis@elbizlaw.com
- **James C. Moon**    jmoon@melandbudwick.com,
  ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Martin P Ochs**    martin.p.ochs@usdoj.gov
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Raychelle A Tasher**    Raychelle.Tasher@usdoj.gov,
  bridgett.moore@usdoj.gov;Shannon.Patterson@usdoj.gov
- **Chad T Van Horn**    Chad@cvhlawgroup.com,
  chad@ecf.inforuptcy.com,chapter7@cvhlawgroup.com,broward@cvhlawgroup.com,chapter11@cvhlawgroup.com,miami@cvhlawgroup.com,cmecf@cvhlawgroup.com,VanHorn.ChadB104447@notify.bestcase.com,ECF@cvhlawgroup.com,van-horn-law
- **Maria Yip**    trustee@yipcpa.com,
  mmy@trustesolutions.net;cmmy11@trustesolutions.net;F012@ecfcbis.com

**Manual Notice List**

The following is the list of **<u>parties</u>** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Ally Bank, c/o AIS Portfolio Services, LLC**
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**American Express National Bank**
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

**Discover Bank**
PO Box 3025
New Albany, OH 43054

# Composite Exhibit 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                          Chapter 11

LATASHA TRANSRINA KEBE,                          Case Nos. 23-14082-SMG
                                                 Subchapter V

       Debtor.

_____/

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:    **Yelen Entertainment LLC
By and through Registered Agents, Inc.
7901 4th St. N, Suite 300
St. Petersburg, FL 33702**

☒  *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the
following documents, electronically stored information, or objects, and to permit inspection, copying, testing,
or sampling of the material: **ALL DOCUMENTS REQUESTED ON THE ATTACHED EXHIBIT A**

| PLACE   Meland Budwick, P.A.<br>200 S. Biscayne Blvd., Suite 3200<br>Miami, FL 33131 | DATE AND TIME<br>**March 16, 2026**<br>**10:00 a.m.** |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are
attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a
subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not
doing so.

Date: February 27, 2026.     CLERK OF COURT

                              OR   *James. C. Moon*

_____    _____
*Signature of Clerk of Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Belcalis Marlenis Almánzar (*"Ms. Almánzar"*), who issues or requests this subpoena is:

James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 4)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## DEFINITIONS

1.      "And" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any documents or document or information that might otherwise be construed to be outside its scope.

2.      "Any" means one or more.

3.      "Balance Sheet" means the statement of assets and liabilities and owner(s) investments, also known as a statement of financial condition or statement of financial position.

4.      "Communication" means every manner of means of disclosure, transfer, or exchange of information, whether in person, by telephone, mail, email, chat, instant message, direct message, text message, personal delivery, or otherwise.

5.      "Concerning" means consisting of, reflecting, referring to, Relating to, regarding, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or to rebut) the subject matter designated in any paragraph of these Requests. A request for Documents "Concerning" a specified subject matter shall always include Communications, notes, and memoranda (whenever prepared) Relating to the subject matter of the Request

6.      "Control" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

7.      "Debtor" shall mean Latasha Transrina Kebe, aka "Tasha K."

8.      "Defamation Judgment" means the Amended Judgment entered against Debtor and Kebe Studios LLC in Almanzar v. Kebe et al., Case No. 1:19-cv-01301-WMR (N.D. Ga.) dated July 19, 2022.

9.      "Describe," "discuss," "analyze," "describing," "discussion," or "analyzing," mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

10.      "Document" or "documents" shall mean any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, emails, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

11.      "Evidencing" means having a tendency to show, prove or disprove.

12.      "Including" shall mean including but not limited to.

13.      "Islea Wine" shall mean the "signature sparkling wine" described by Debtor on her UnwineWithTashaK platform:

https://www.tiktok.com/@unwinewithtashak/video/7592829168379841806

14.      "Cheickna Kebe" shall mean Cheickna Kebe, Debtor's spouse.

15.    "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

16.    "Petition Date" shall mean May 25, 2023.

17.    "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

18.    "Representative" means any and all agents, employees, servants, officers, directors, attorneys or other person(s) acting or purporting to act on behalf of the person(s) in question.

19.    "Requests" means Ms. Almánzar's First Request for Production of Documents to You.

20.    "Social Media Platforms" shall mean any of the Debtor's social media platforms upon which Debtor utilizes the trademark "UnWineWithTashaK," "Tasha K Onstage," or "TashaK Live" to include, **without limitation**:

   a.    YouTube:

   https://www.youtube.com/channel/UCeh2lG0oUUMk8B6-l5ctB6w

   https://www.youtube.com/live/ky2O4KKrzlI

   b.    Instagram:    @unwinewithtashak

   c.    Facebook:    https://www.facebook.com/unwinewithtashak/

   d.    Tik Tok:    @unwinewithtashak

   e.    Rumble:    https://rumble.com/c/UnWineWithTashaK

   f.    Google App Store:

https://play.google.com/store/apps/details?id=tv.uscreen.tashak&hl=en_US&gl=US

g.    Apple App Store:

https://apps.apple.com/us/app/tashak-live/id1586136543

h.    Roku:

https://channelstore.roku.com/details/5c85944a550b63179b296b9147edc49f/tashak-live

i.    TashhaK Live:        www.TashakLive.com

j.    Tashakonstage:        www.tashakonstage.com

k.    TK Deals:        https://shoptkdeals.com/

l.    Tubi:    https://tubitv.com/movies/100039998/everyone-talks-to-someone

m.    X:            https://x.com/UNWINEWITHTASHA

21.    "Stash Media Works" shall mean Stash Media Works, LLC, a Florida limited liability company.

22.    "Tasha K Onstage" shall mean Debtor's live show currently scheduled for March 14, 2026 (or any other venue to be announced) and advertised on the world wide web at: https://tashakonstage.com

23.    "TK Deals" shall mean the website selling home, health and beauty products found at https://shoptkdeals.com.

24.    "You" and "Your" shall mean Yelen Entertainment LLC, its manager, officers and agents.

25.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

26.    Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

27.     All words, terms, and phrases not defined herein are to be given their normal and customary meaning in the context in which they are used.

## **INSTRUCTIONS**

1.     These Requests incorporate by reference and are governed by Bankruptcy Rule 2004 and Local Rule 2004-1.

2.     In answering these Requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed by or connected with you or your attorneys, and anyone else otherwise subject to your control. Moreover, you must make a diligent search of your records and other papers and materials in your possession or available to you or your representatives.

3.     The Federal Rules of Civil Procedure require production of the documents as they are kept in the usual course of business or organized and labeled to correspond to each category of documents requested.  All file folders, tabs, and other means of collection or storing are required to be produced along with the documents. Please do not produce documents without clearly indicating to which request they correspond.  Documents should be produced electronically via Sharefile, Dropbox or similar platform to James Moon, Esq. at jmoon@melandbudwick.com or on a thumb drive or similar external storage device delivered to the law offices of Meland Budwick, P.A., 3200 Southeast Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131, unless agreed otherwise.

4.     If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please identify the following with respect to each such document:

(a) the nature of the privilege which is being claimed;

(b) the type of document;

(c) the general subject matter of the document;

(d) the date of the document;

(e) the author of the document;

(f) the addressee of the document; and

(g) where not apparent, the relationship of the author to the addressee.

5.     In the event that any document called for by this schedule has been (i) destroyed, (ii) discarded, and/or (iii) removed from the requested files prior to production on grounds other than privilege, please identify the following with respect to each such document:

(a) the name and current address of the person who prepared the document and the person to whom it was addressed;

(b) any indicated or blind copies;

(c) the document's date, subject matter, number of pages, and attachments; and

(d) the person(s) who authorized and/or carried out such destruction and/or removal.

6.     This request is continuing and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

7.     If you contend that any of these Requests are objectionable, please answer to the extent that you believe should be properly narrowed or otherwise unobjectionable.

8.     This request calls for the production of all electronic Documents and electronically stored information (ESI) responsive to the requests below, including but not limited to e-mails and any related attachments, electronic files, or other data compilations that relate to the categories of Documents requested below. Your search for these electronically stored Documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, iPhones, smart phones, tablets, iPads, proprietary software, and inactive or unused computer disc storage areas. Unless otherwise specified in a specific request, all ESI shall be produced in the format described below:

### Production of Electronically Stored Information (ESI)
### FORM OF PRODUCTION

The Plaintiff requests that all ESI (electronically stored information) be produced as single-page Tagged Image File Format ("TIFF" or ".tiff") images with accompanying load files as reflected below:

ESI is to be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIFF or .tiff) files in single-page format, with native files and word searchable OCR/extracted text (Optical Character Recognized – *i.e.* searchable text). Load files will be provided in a Concordance-type (.DAT) format including a separate load file for loading of OCR/Extracted text files. The text file containing the OCR/Extracted Text shall be produced in single page format with the name corresponding to its associated image. It should also be in the same folder as the tiff images. Color pages should be produced as color JPEG images.

Redacted documents shall be produced in 300DPI Group IV Monochrome Tagged Image File Format (.TIFF or .tiff) files without native files or redacted information. Metadata for redacted files shall be produced. Metadata which discloses the content of redacted information may be withheld.

## General Deliverable Requirements

- **Load File Names:** All load files should be named with a consistent naming convention

- **Directory Counts:** All folders should have a maximum file count of 1,000 files per folder

## Data Load File

- **Load File Type:** .DAT
- **Header:** First line should be a header row identifying the fields contained in the file
- **Fields:** May contain any number of metadata fields
- **Dates:** Date Fields should be provided as MM/DD/YYYY
- **File Paths:** May contain Native or Text File Paths where available*[1]
- **Encoding:**
  - ASCII
  - Unicode
  - Unicode (Big-Endian)
  - Unicode (UTF-8)

- **Delimiters:**

| Delimiter | Character | ASCII Value |
|-----------|-----------|-------------|
| Comma | | (020) |
| Quote | Þ | (254) |
| Newline | ® | (174) |

---

[1] A Native Load File is unnecessary if paths are embedded in the Data Load File.

| Multi-Value | ; | (059) |
|---|---|---|

- ▪ **Example File:**


**Image Load File**
- ▪ **Load File Type:** .OPT
- ▪ **Image File Type:**
  - Black and White: Single Page Group IV TIFF
  - Color: JPEG
- ▪ **File Naming:** Image Files should be named to match the Page Identifier
- ▪ **Fields:** Not all of the below fields are required, but each must be represented in the file

| Field | Is Required | Details |
|---|---|---|
| ImageID | Yes | Image Page Identifier |
| Volume | No | Image Page Identifier |
| Image File Path | Yes | Path to the Image File |
| Document Break | Yes | Populated with a Y wherever a new document begins |
| Folder Break | No | |
| Box Break | No | |
| PageCount | Yes | |

- ▪ **Example File:**


**Native Files**
- ▪ **Load File Type:** .CSV
- ▪ **File Naming:** Native files should be named to match the Document Identifier
- ▪ **Fields:** Document Identifier and Native File Path
- ▪ **Example File:**


**Text Files**
- ▪ **Load File Type:** No load file required
- ▪ **Text File Type:** Extracted Text or OCR text files at a Document level or Page Level
- ▪ **File Naming:**
  - Document Level Files – Text files should be named to match the Document Identifier
  - Page Level Files – Text files should be named to match the Page Identifier

The following fields, including metadata, will be produced: (Metadata is defined as "unaltered metadata that exists at the time of collection").

| Field | Field Description |
|---|---|
| BEGDOC | Beginning Bates or Document id |

| ENDDOC | Ending Bates or Document id |
|--------|----------------------------|
| BEGATTACH | Beginning Bates or Document id of attachment |
| ENDATTACH | Ending Bates or Document id of attachment |
| Name | Document name |
| FileTypeDescription | Document Type Description |
| Extension | File extension |
| Author | Document author |
| Custodian Name | Custodian (Last, First) |
| Source | Source |
| DateCreated | Date created |
| DateModified | Date Modified |
| Document Type | Document Type |
| Email Recipient To | To (Name + email) |
| Email Recipient Cc | CC (Name + email) |
| Email Recipient Bcc | BCC (Name + email) |
| Email Sender | Sender (Name + email) |
| Email Sent Time | Date email sent (Sort field) |
| Email Subject | Subject of email |
| MD5Hash | Hash_Code |
| Native Relative Path | Native link |

**Unless otherwise specified, the documents and communications requested in Exhibit A are limited to Documents and Communications authored, generated, or pertaining to the period between March 1, 2025 to the present.**

[Remainder of page intentionally left blank. Next page is Exhibit A.]

## EXHIBIT A

## REQUESTED DOCUMENTS

1.      Documents and or communications provided to Yelen Entertainment LLC's accountant, if any, in relation to preparation of Debtor and/or Cheicka Kebe's married filing separately tax return for 2025.

2.      Identity of all accountants, bookkeepers or CPAs who have or had access to the books and records or have prepared tax returns for Yelen Entertainment, LLC.

3.      Copies of all contracts between the Debtor or Stash Media Works and Yelen.

4.      Copies of all contracts between the Debtor, Stash Media Works or Yelen and any third party, including without limitation advertising contracts related to advertisements run on the UnwineWithTashaK social media platforms.

5.      Copies of all documents and communications related to the creation and business of "Islea Wine," as described by the Debtor on her UnwinewithTashaK platform here: https://www.tiktok.com/@unwinewithtashak/video/7592829168379841806

6.      All documents and communications related to revenue received by the Debtor, Stash Media Works or Yelen from the sale of products on the website "TK Deals" located at: https://shoptkdeals.com

7.      Copies of all federal tax returns (or extensions) filed for Yelen Entertainment LLC.

8.      Copies of all bank account statements for bank accounts held, managed or controlled by Yelen Entertainment LLC including but not limited to (i) deposit slips with underlying support, (ii) complete copies of all canceled checks (front and back), (iii) wire and transfer confirmations, (iv) debit memos and withdrawals with underlying support, and (v) credit memos with underlying support.

9.      Documents and communications regarding expenses paid by Yelen Entertainment LLC on behalf of Debtor or Debtor's businesses, including without limitation Stash Media Works.

14

10.     Copies of credit card statements for all credit cards held, managed or controlled by Yelen Entertainment LLC.

11.     Identification of all transfers of any financial or other assets by and between the Debtor Stash Media Works and/or Yelen Entertainment LLC.

12.     A complete list of all assets held by Yelen Entertainment LLC.

13.     Copies of all audited, reviewed or compiled financial statements prepared by Yelen Entertainment LLC.

14.     All profit and loss statements, ledgers, account receivable ledgers, financial statements, statement of assets/liabilities, net worth and other similar records of Yelen Entertainment LLC from March 1, 2025 to present.

15.     QuickBooks summary and detailed reports for Yelen Entertainment LLC and any entity it manages or controls, including without limitation, a general ledger, profit and loss, balance sheet, A/R aging, A/P aging, open invoices, employee and/or independent contractor information.

16.     Back-up copy of any QuickBooks files with administrative user name and password for you and any entities Yelen Entertainment LLC manages or controls.

17.     All documents and/or communications evidencing the employment relationship between Yelen Entertainment LLC and Debtor.

18.     All documents or communications evidencing the transfer of money from Yelen directly or indirectly to Stash Media Works.

19.     All documents and/or communications evidencing Debtor's income and manner of payment from Yelen Entertainment LLC.

20.     All documents and/or communications evidencing Yelen Entertainment LLC's income and manner of payment from March 1, 2025, to present.

21.     Credit applications and financial statements prepared by or for Yelen Entertainment LLC and submitted to any bank, finance company, or other lender to obtain a loan or credit line from March 1, 2025, to present, regardless of whether the loan was approved.

22.     Identification of all loans made to or from Yelen Entertainment LLC, amount of loans, name and address of person lending funds, and accounting of amounts repaid.

23.     Your lease, sub-lease or other agreement (if any) evidencing agreed rent, term and conditions related to your current place of business or any sub-tenant, including without limitation the Debtor and/or Stash Media Works.

24.     All documents and Communications related to any compensation, wages, salary, commissions, bonuses, draws, distributions, or other payments made by Yelen Entertainment LLC to any employee, independent contractor, consultant, agent, or other person, including but not limited to:

i.    Payroll registers;

ii.   Payroll summaries and payroll journals;

iii.  Forms W-2, W-3, 1099-NEC and 1099-MISC;

iv.   Forms 940, 941 and any other payroll tax filings;

v.    Payroll service provider records (e.g., ADP, Gusto, Paychex, QuickBooks Payroll, or similar providers);

vi.   Pay stubs, earning statements or compensation/employment agreements; and

vii.  Documentation sufficient to show the dates, amounts, method and purpose of each such statement.

25.    Documents sufficient to identify each employee, independent contractor, consultant, or other Person who received compensation or payment from Yelen Entertainment LLC from March 1, 2025 to present, including:

      i.   The Person's full name;

     ii.   The Person's job title or position;

    iii.   A description of the Person's job duties or services performed;

    iv.   Dates of employment or engagement; and

     v.   Total compensation paid to each such Person

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:                                              Chapter 11

LATASHA TRANSRINA KEBE,                  Case Nos. 23-14082-SMG
                                                     Subchapter V

_____ Debtor.

_____/


**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:     **Stash Media Works LLC**
        **By and through Registered Agents, Inc.**
        **7901 4th St. N, Suite 300**
        **St. Petersburg, FL 33702**

☒  *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the
following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or
sampling of the material: **ALL DOCUMENTS REQUESTED ON THE ATTACHED EXHIBIT A**

| PLACE     Meland Budwick, P.A.<br>200 S. Biscayne Blvd., Suite 3200<br>Miami, FL 33131 | DATE AND TIME<br>**March 16, 2026**<br>**10:00 a.m.** |
| --- | --- |

☐  *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
| --- | --- |
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are
attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a
subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not
doing so.

Date: February 27, 2026.            CLERK OF COURT

                                                    OR    *James. C. Moon*

        _____            _____
        *Signature of Clerk of Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Belcalis Marlenis Almánzar (*"Ms. Almánzar"*), who issues or requests this subpoena is:

James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

---

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**PROOF OF SERVICE**
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                              _____
                                                        *Server's signature*

                                              _____
                                                        *Printed name and title*

                                              _____
                                                        *Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## DEFINITIONS

1.      "And" and "or" as used herein are terms of inclusion and not of exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request for production of documents any documents or document or information that might otherwise be construed to be outside its scope.

2.      "Any" means one or more.

3.      "Balance Sheet" means the statement of assets and liabilities and owner(s) investments, also known as a statement of financial condition or statement of financial position.

4.      "Communication" means every manner of means of disclosure, transfer, or exchange of information, whether in person, by telephone, mail, email, chat, instant message, direct message, text message, personal delivery, or otherwise.

5.      "Concerning" means consisting of, reflecting, referring to, Relating to, regarding, involving, evidencing, constituting, or having any legal, logical, evidential, or factual connection with (whether to support or to rebut) the subject matter designated in any paragraph of these Requests. A request for Documents "Concerning" a specified subject matter shall always include Communications, notes, and memoranda (whenever prepared) Relating to the subject matter of the Request

6.      "Control" means in your possession, custody or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

7.      "Debtor" shall mean Latasha Transrina Kebe, aka "Tasha K."

8.      "Defamation Judgment" means the Amended Judgment entered against Debtor and Kebe Studios LLC in Almanzar v. Kebe et al., Case No. 1:19-cv-01301-WMR (N.D. Ga.) dated July 19, 2022.

9. "Describe," "discuss," "analyze," "describing," "discussion," or "analyzing," mean any document that, in whole or in part, characterizes, delineates, explicates, deliberates, evaluates, appraises, assesses or provides a general explanation of the specified subject.

10. "Document" or "documents" shall mean any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, emails, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations or modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

11. "Evidencing" means having a tendency to show, prove or disprove.

12. "Including" shall mean including but not limited to.

13. "Islea Wine" shall mean the "signature sparkling wine" described by Debtor on her UnwineWithTashaK platform:

https://www.tiktok.com/@unwinewithtashak/video/7592829168379841806

14. "Cheickna Kebe" shall mean Cheickna Kebe, Debtor's spouse.

7

15.     "Person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

16.     "Petition Date" shall mean May 25, 2023.

17.     "Relate to" and "relating to" mean to make a statement about, refer to, discuss, describe, reflect, contain, comprise, identify, or in any way pertain to, in whole or in part, or otherwise to be used, considered, or reviewed in any way in connection with, the specified subject. Thus documents that "relate to" a subject also include those which were specifically rejected and those which were not relied or acted upon.

18.     "Representative" means any and all agents, employees, servants, officers, directors, attorneys or other person(s) acting or purporting to act on behalf of the person(s) in question.

19.     "Requests" means Ms. Almánzar's Request for Production of Documents to You.

20.     "Social Media Platforms" shall mean any of the Debtor's social media platforms upon which Debtor utilizes the trademark "UnWineWithTashaK," "TashaK Onstage," or "TashaK Live" to include, **without limitation**:

   a.     YouTube:

   https://www.youtube.com/channel/UCeh2lG0oUUMk8B6-l5ctB6w

   https://www.youtube.com/live/ky2O4KKrzlI

   b.     Instagram:      @unwinewithtashak

   c.     Facebook:      https://www.facebook.com/unwinewithtashak/

   d.     Tik Tok:      @unwinewithtashak

   e.     Google App Store:

   https://play.google.com/store/apps/details?id=tv.uscreen.tashak&hl=en_US&gl=US

      f.      <u>Apple App Store</u>:

https://apps.apple.com/us/app/tashak-live/id1586136543

      g.      <u>Roku</u>:

https://channelstore.roku.com/details/5c85944a550b63179b296b9147edc49f/tashak-live

      h.      <u>TashhaK</u> Live:       www.TashakLive.com

      i.      Tashakonstage:      www.tashakonstage.com

      j.      Threads:      https://threads/com/@unwinewithtashak

      k.      TK Deals:      https://shoptkdeals.com/

      l.      Tubi:   https://tubitv.com/movies/100039998/everyone-talks-to-someone

      m.      X:      https://x.com/UNWINEWITHTASHA

21.     "Stash Media Works" shall mean Stash Media Works LLC, a Florida limited liability company.

22.     "Tasha K Onstage" shall mean Debtor's live show currently scheduled for March 14, 2026 (or any other venue to be announced) and advertised on the world wide web at: https://tashakonstage.com.

23.     "TK Deals" shall mean the website selling home, health, and beauty products found at https://shoptkdeals.com.

24.     "Yelen" shall mean Yelen Entertainment LLC.

25.     "You" and "Your" shall mean Stash Media Works LLC, its manager, officers and agents.

26.     The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa. The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

27.     Regardless of the tense employed, all verbs shall be read as applying to the past, present and future as is necessary to make any paragraph more, rather than less, inclusive.

28.     All words, terms, and phrases not defined herein are to be given their normal and customary meaning in the context in which they are used.

## <u>INSTRUCTIONS</u>

1.     These Requests incorporate by reference and are governed by Bankruptcy Rule 2004 and Local Rule 2004-1.

2.     In answering these Requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed by or connected with you or your attorneys, and anyone else otherwise subject to your control. Moreover, you must make a diligent search of your records and other papers and materials in your possession or available to you or your representatives.

3.     The Federal Rules of Civil Procedure require production of the documents as they are kept in the usual course of business or organized and labeled to correspond to each category of documents requested.  All file folders, tabs, and other means of collection or storing are required to be produced along with the documents. Please do not produce documents without clearly indicating to which request they correspond.  Documents should be produced electronically via Sharefile, Dropbox or similar platform to James Moon, Esq. at [jmoon@melandbudwick.com](mailto:jmoon@melandbudwick.com) or on a thumb drive or similar external storage device delivered to the law offices of Meland Budwick, P.A., 3200 Southeast Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131, unless agreed otherwise.

4.     If any information required to be produced in response to any request is withheld because you claim such information is privileged or is contained in a privileged document, please identify the following with respect to each such document:

(a) the nature of the privilege which is being claimed;

(b) the type of document;

(c) the general subject matter of the document;

(d) the date of the document;

(e) the author of the document;

(f) the addressee of the document; and

(g) where not apparent, the relationship of the author to the addressee.

5.      In the event that any document called for by this schedule has been (i) destroyed, (ii) discarded, and/or (iii) removed from the requested files prior to production on grounds other than privilege, please identify the following with respect to each such document:

(a) the name and current address of the person who prepared the document and the person to whom it was addressed;

(b) any indicated or blind copies;

(c) the document's date, subject matter, number of pages, and attachments; and

(d) the person(s) who authorized and/or carried out such destruction and/or removal.

6.      This request is continuing and any document obtained or located subsequent to the production which would have been produced had it been available or its existence known at the time is to be supplied forthwith.

7.      If you contend that any of these Requests are objectionable, please answer to the extent that you believe should be properly narrowed or otherwise unobjectionable.

8.      This request calls for the production of all electronic Documents and electronically stored information (ESI) responsive to the requests below, including but not limited to e-mails and any related attachments, electronic files, or other data compilations that relate to the categories of Documents requested below. Your search for these electronically stored Documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, iPhones, smart phones, tablets, iPads, proprietary software, and inactive or unused computer disc storage areas. Unless otherwise specified in a specific request, all ESI shall be produced in the format described below:

## Production of Electronically Stored Information (ESI)
## FORM OF PRODUCTION

The Plaintiff requests that all ESI (electronically stored information) be produced as single-page Tagged Image File Format ("TIFF" or ".tiff") images with accompanying load files as reflected below:

ESI is to be produced (printed and loaded) in 300DPI resolution or greater, Group IV Monochrome Tagged Image File Format (.TIFF or .tiff) files in single-page format, with native files and word searchable OCR/extracted text (Optical Character Recognized – *i.e.* searchable text). Load files will be provided in a Concordance-type (.DAT) format including a separate load file for loading of OCR/Extracted text files. The text file containing the OCR/Extracted Text shall be produced in single page format with the name corresponding to its associated image. It should also be in the same folder as the tiff images. Color pages should be produced as color JPEG images.

Redacted documents shall be produced in 300DPI Group IV Monochrome Tagged Image File Format (.TIFF or .tiff) files without native files or redacted information. Metadata for redacted files shall be produced. Metadata which discloses the content of redacted information may be withheld.

## General Deliverable Requirements

- **Load File Names:** All load files should be named with a consistent naming convention

- **Directory Counts:** All folders should have a maximum file count of 1,000 files per folder

## Data Load File

- **Load File Type:** .DAT
- **Header:** First line should be a header row identifying the fields contained in the file
- **Fields:** May contain any number of metadata fields
- **Dates:** Date Fields should be provided as MM/DD/YYYY
- **File Paths:** May contain Native or Text File Paths where available*[1]
- **Encoding:**
  > ASCII
  > Unicode
  > Unicode (Big-Endian)
  > Unicode (UTF-8)

- **Delimiters:**

| Delimiter | Character | ASCII Value |
|-----------|-----------|-------------|
| Comma | | (020) |
| Quote | Þ | (254) |
| Newline | ® | (174) |

---

[1] A Native Load File is unnecessary if paths are embedded in the Data Load File.

| Multi-Value | ; | (059) |
|---|---|---|

- ▪ **Example File:**


**Image Load File**
- ▪ **Load File Type:** .OPT
- ▪ **Image File Type:**
  - Black and White: Single Page Group IV TIFF
  - Color: JPEG
- ▪ **File Naming:** Image Files should be named to match the Page Identifier
- ▪ **Fields:** Not all of the below fields are required, but each must be represented in the file

| Field | Is Required | Details |
|---|---|---|
| ImageID | Yes | Image Page Identifier |
| Volume | No | Image Page Identifier |
| Image File Path | Yes | Path to the Image File |
| Document Break | Yes | Populated with a Y wherever a new document begins |
| Folder Break | No | |
| Box Break | No | |
| PageCount | Yes | |

- ▪ **Example File:**

**Native Files**
- ▪ **Load File Type:** .CSV
- ▪ **File Naming:** Native files should be named to match the Document Identifier
- ▪ **Fields:** Document Identifier and Native File Path
- ▪ **Example File:**


**Text Files**
- ▪ **Load File Type:** No load file required
- ▪ **Text File Type:** Extracted Text or OCR text files at a Document level or Page Level
- ▪ **File Naming:**
  - Document Level Files – Text files should be named to match the Document Identifier
  - Page Level Files – Text files should be named to match the Page Identifier

The following fields, including metadata, will be produced: (Metadata is defined as "unaltered metadata that exists at the time of collection").

| Field | Field Description |
|---|---|
| BEGDOC | Beginning Bates or Document id |
| ENDDOC | Ending Bates or Document id |

| BEGATTACH | Beginning Bates or Document id of attachment |
|---|---|
| ENDATTACH | Ending Bates or Document id of attachment |
| Name | Document name |
| FileTypeDescription | Document Type Description |
| Extension | File extension |
| Author | Document author |
| Custodian Name | Custodian (Last, First) |
| Source | Source |
| DateCreated | Date created |
| DateModified | Date Modified |
| Document Type | Document Type |
| Email Recipient To | To (Name + email) |
| Email Recipient Cc | CC (Name + email) |
| Email Recipient Bcc | BCC (Name + email) |
| Email Sender | Sender (Name + email) |
| Email Sent Time | Date email sent (Sort field) |
| Email Subject | Subject of email |
| MD5Hash | Hash_Code |
| Native Relative Path | Native link |

**Unless otherwise specified, the documents and communications requested in Exhibit A are limited to Documents and Communications authored, generated, or pertaining to the period between March 1, 2025, to the present.**

[Remainder of page intentionally left blank. Next page is Exhibit A.]

## EXHIBIT A

## REQUESTED DOCUMENTS

1.      Documents and or communications provided to Stash Media Works's accountant, if any, in relation to preparation of Debtor's married filing separately tax returns for 2025.

2.      Identity of all accountants, bookkeepers or CPAs who have or had access to the books and records or have prepared tax returns for Stash Media Works.

3.      Copies of all contracts between the Debtor or Yelen and Stash Media Works.

4.      Copies of all contracts between the Debtor, Stash Media Works or Yelen and any third party, including without limitation advertising contracts related to advertisements run on the UnwineWithTashaK platforms.

5.      Copies of all documents and communications related to the creation and business of "Islea Wine," as described by the Debtor on her UnwinewithTashaK platform here: https://www.tiktok.com/@unwinewithtashak/video/7592829168379841806

6.      All documents and communications related to revenue received by the Debtor, Stash Media Works or Yelen from the sale of products on the website "TK Deals" located at: https://shoptkdeals.com.

7.      Copies of all federal tax returns (or extensions) filed for Stash Media Works.

8.      Copies of all bank account statements for bank accounts held, managed or controlled by Stash Media Works including but not limited to (i) deposit slips with underlying support, (ii) complete copies of all canceled checks (front and back), (iii) wire and transfer confirmations, (iv) debit memos and withdrawals with underlying support, (v) credit memos with underlying support and (vi) account opening application and signature cards.

9.      Documents and communications regarding expenses paid by Stash Media Works on behalf of Debtor or Debtor's businesses.

10.     Documents and communications regarding sources of income for Stash Media Works.

11.     Copies of credit card statements for all credit cards held, managed or controlled by Stash Media Works.

12.     Identification of all transfers of any financial or other assets by and between the Debtor, Yelen and/or Stash Media Works.

13.     A complete list of all assets held by Stash Media Works.

14.     All profit and loss statements, ledgers, account receivable ledgers, financial statements, statement of assets/liabilities, net worth and other similar records of Stash Media Works from the date of organization to present.

15.     QuickBooks summary and detailed reports for Stash Media Works, including without limitation, a general ledger, profit and loss, balance sheet, A/R aging, A/P aging, open invoices, employee and/or independent contractor information.

16.     Back-up copy of any QuickBooks files with administrative user name and password for you and any entities Stash Media Works manages or controls.

17.     Signature cards and account opening documents for any bank and brokerage accounts held by Stash Media Works.

18.     All documents and/or communications between the members of Stash Media Works regarding the organization and proposed business of Stash Media Works.

19.     All documents and/or communications evidencing the employment relationship between Stash Media Works and Debtor.

20.     All documents or communications evidencing the transfer of money from Yelen directly or indirectly to Stash Media Works.

21.     All documents and/or communications evidencing Debtor's income and manner of payment from Stash Media Works.

22.     Credit applications and financial statements prepared by or for Stash Media Works and submitted to any bank, finance company, or other lender to obtain a loan or credit line from organization to present, regardless of whether the loan was approved.

23.     Identification of all loans made to or from Stash Media Works, amount of loans, name and address of person lending funds, and accounting of amounts repaid.

24.     Your lease, sub-lease or other agreement (if any) evidencing agreed rent, term and conditions related to your current place of business.

25.     Corporate documents, including without limitation any operating agreement and/or member distribution agreement for Stash Media Works.

26.     All documents and Communications related to any compensation, wages, salary, commissions, bonuses, draws, distributions, or other payments made by Stash Media Works to any employee, independent contractor, consultant, agent, or other person, including but not limited to:

    i.   Payroll registers;

    ii.   Payroll summaries and payroll journals;

    iii.   Forms W-2, W-3, 1099-NEC and 1099-MISC;

    iv.   Forms 940, 941 and any other payroll tax filings;

    v.   Payroll service provider records (e.g., ADP, Gusto, Paychex, QuickBooks Payroll, or similar providers);

    vi.   Pay stubs, earning statements or compensation/employment agreements; and

vii. Documentation sufficient to show the dates, amounts, method and purpose
of each such statement.

27.    Documents sufficient to identify each employee, independent contractor, consultant, or other Person who received compensation or payment from Stash Media Works from March 1, 2025 to present, including:

i. The Person's full name;

ii. The Person's job title or position;

iii. A description of the Person's job duties or services performed;

iv. Dates of employment or engagement; and

v. Total compensation paid to each such Person