**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re:                                                    Case No.: 23-14082-SMG
                                                          Chapter 11
LATASHA TRANSRINA KEBE,

        Debtor-in-Possession
_____/

**DEBTOR'S NOTICE TO CORRECT AND**
**CLARIFY CITATIONS IN DEBTOR'S RESPONSE IN**
**OPPOSITION TO MOTION TO (I) ENFORCE CONFIRMED PLAN AND**
**CONFIRMATION ORDER AND (II) AWARD ATTORNEY'S FEES AND SANCTIONS**

Debtor LATASHA TRANSRINA KEBE ("Ms. Kebe" or "Debtor"), through undersigned counsel, respectfully submits this *Notice to Correct and Clarify Citations in Debtor's Response in Opposition to Motion to (I) Enforce Confirmed Plan and Confirmation Order and (II) Award Attorney's Fees and Sanctions* (Dkt. No. 220) (the "Response"), and respectfully states as follows:

**RELEVANT BACKGROUND**

1.      On March 5, 2025, this Court confirmed Debtor's Subchapter V Plan of Reorganization (Dkt. No.197).

2.      On April 10, 2026, Creditor Belcalis Marlenis Almánzar ("Ms. Almánzar"), through counsel, filed her Motion to (I) Enforce Confirmed Plan and Confirmation Order and (II) Award Attorney's Fees and Sanctions (the "Motion") (Dkt. No. 215).

3.      On May 1, 2026, Debtor filed her Response to the Motion (Dkt. No. 220).

4.      On May 4, 2026, Ms. Almánzar, through counsel, filed her Reply to Debtor's Response in Opposition to Motion to (I) Enforce Confirmed Plan and Confirmation Order and (II) Award Attorney's Fees and Sanctions (the "Reply") (Dkt. No. 222).

1

## CORRECTIONS AND CLARIFICATIONS

5.      Following the filing of the Reply, and upon independent verification of certain authorities cited in the Response, undersigned counsel has identified citation errors that must be corrected. In keeping with counsel's obligation of candor to the tribunal under Rule 4-3.3 of the Florida Rules of Professional Conduct, and consistent with counsel's obligations under Federal Rule of Bankruptcy Procedure 9011, Debtor files this Notice to correct and clarify the record.

6.      The following corrections are made to the Response:

a)      **Paragraph 12 (page 4).** The Response cites *McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000)*, for the proposition that "An order is not enforceable through contempt if it fails to be sufficiently clear and definite." Counsel humbly acknowledges that language does not appear in *McGregor*. The actual standard for civil contempt articulated in *McGregor* (quoting *Jordan v. Wilson, 851 F.2d 1290, 1292 n.2 (11th Cir. 1988))* requires that "1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order." The Response withdraws the language as filed and substitutes the McGregor standard above.

b)      **Paragraph 33 (page 8).** The Response cites *"Doe v. Gonzalez, 723 F.3d 1237, 1243 (11th Cir. 2013)"* for the proposition that "injunctions restricting speech [are] construed narrowly." Counsel intended to cite *Doe v. Gonzalez, 723 F. Supp. 690 (S.D. Fla. 1988)*; the citation as filed misidentified the reporter, page references, court, and year. The 1988 Doe v. Gonzalez decision was a constitutional challenge by a newspaper to

2

Section 112.317(6) of the Florida Statutes, which prohibited any person from disclosing the existence or contents of an ethics complaint filed with the Florida Commission on Ethics before the complaint became a public record. Applying prior restraint doctrine, the United States District Court for the Southern District of Florida held that the governmental interests asserted in support of the statute were insufficient to justify the resulting restrictions on First Amendment freedoms, declared Section 112.317(6) unconstitutional on its face and as applied to plaintiff, and permanently enjoined its enforcement. Debtor acknowledges that the 1988 Doe decision is district-court authority, not binding Eleventh Circuit precedent, and does not apply to the matter before this Court. The Response withdraws the citation in its entirety.

c)      **Paragraph 36 (page 10).** The Response cites *Piambino v. Bailey, 757 F.2d 1112, 1127 (11th Cir. 1985),* for the proposition that "[c]ourts in this circuit have refused to award sanctions where the claimed violations are ambiguous and where the alleged contemnor took remedial steps upon notification." On further review, Piambino is a securities class action concerning the mandate rule on remand and the disqualification of class counsel; its only reference to contempt is a direction to the district court to consider contempt sanctions against lead counsel for failure to restore funds to the court registry. The case does not stand for the proposition for which it was cited, and the Response withdraws the citation.s

3

d) **Paragraph 42 (page 11).** The Response cites *In re Skinner, 917 F.2d 444, 447 (10th Cir. 1990),* for the proposition that "[c]ourts in this Circuit and others have declined to impose contempt sanctions where the respondent demonstrated good-faith efforts to comply with the underlying order, even where technical violations occurred." On further review, *In re Skinner* addresses the statutory and constitutional authority of bankruptcy courts to impose civil contempt sanctions and confirms that such authority exists under 11 U.S.C. § 105(a); it does not stand for the proposition for which it was cited. The Response withdraws the citation.

7.      Counsel takes full responsibility for the citation errors identified above. The errors were inadvertent. Counsel recognizes, however, that the Court and opposing counsel are entitled to rely on the accuracy of authorities cited in submissions filed with the Court. Counsel sincerely apologizes to the Court and to opposing counsel for the errors and for the burden they have caused.

8.      Counsel has implemented enhanced citation-verification procedures, including independent verification of every authority cited and every quotation attributed to authority by multiple attorneys before any further filing in this case or in any other matter before this Court, to prevent recurrence.

9.      Debtor respectfully requests that the Court accept this Notice as a correction of the record and a withdrawal of the citations identified above. Nothing in this Notice is intended as a withdrawal of Debtor's substantive opposition to the Motion, including Debtor's arguments regarding ambiguity, due process, the scope of any remedy, and the need for judicial review before sanctions are imposed. Debtor stands ready to proceed on the merits of the Motion based on the corrected record.

4

**WHEREFORE,** Debtor LATASHA TRANSRINA KEBE respectfully submits this Notice, apologizes to the Court for the errors identified herein, and respectfully requests that the Court (i) accept this Notice as a correction of the record; (ii) treat the citations identified above as withdrawn from the Response; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: May 5, 2026                    **VAN HORN LAW GROUP, P.A.**

500 N.E. 4th Street, Suite 200
Fort Lauderdale, FL 33301
Telephone: (954) 765-3166
Facsimile: (954) 756-7103
By: /s/  **Chad Van Horn, Esq.**
Chad Van Horn, Esq.
Florida Bar No. 64500
chad@cvhlawgroup.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent this 5th day of May, 2026 to all parties registered through CM/ECF and as listed on this Court's mailing matrix.

Dated: May 5, 2026                    **VAN HORN LAW GROUP, P.A.**
500 N.E. 4th Street, Suite 200
Fort Lauderdale, FL 33301
Telephone: (954) 765-3166
Facsimile: (954) 756-7103

By: /s/  **Chad Van Horn, Esq.**
Chad Van Horn, Esq.
Florida Bar No. 64500
chad@cvhlawgroup.com

5