

**ORDERED in the Southern District of Florida on May 13, 2026.**

_Scott M. Grossman_

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

LATASHA TRANSRINA KEBE,

        Debtor.

_____/

Case No. 23-14082-SMG
Chapter 11
Subchapter V

**ORDER (I) GRANTING IN PART AND DENYING IN PART,
WITHOUT PREJUDICE, BELCALIS MARLENIS ALMÁNZAR'S
MOTION TO (I) ENFORCE CONFIRMED PLAN AND CONFIRMATION ORDER
AND (II) IMPOSE SANCTIONS, INCLUDING ATTORNEYS' FEES AND COSTS,
AND (II) IMPOSING RULE 9011 SANCTIONS AGAINST DEBTOR'S COUNSEL**

THIS MATTER came before the Court on May 6, 2026, at 2:30 pm on the Motion of

Creditor Belcalis Marlenis Almánzar ("***Ms. Almánzar***") *to (I) Enforce Confirmed Plan and*

*Confirmation Order and (II) Impose Sanctions, Including Attorneys' Fees and Costs* [Dkt. No.

215] (the "***Motion***"), the Supplement to the Motion [Dkt. No. 218] (the "***Supplement***"), the

Response in Opposition to the Motion [Dkt. No. 220] (the "***Response***") filed by Debtor Latasha

Transrina Kebe ("***Debtor***"), Ms. Almánzar's Reply to the Response [Dkt. No. 222] (the "***Reply***"),

and Debtor's Notice of Filing of Notice to Correct and Clarify Citations in Debtor's Response

[Dkt. No. 223] (the "***Corrective Notice***"). The Court, having reviewed the foregoing filings, having heard argument of counsel, and having reviewed the full record of this proceeding, the Court finds and orders as follows:

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.       On March 4, 2025, this Court entered its Order Confirming Debtor's Subchapter V Plan of Reorganization [Dkt. No. 197] (the "***Confirmation Order***"). The confirmed Plan and Confirmation Order are binding upon Debtor and all creditors as orders of this Court. 11 U.S.C. § 1141(a).

B.       Paragraph 14 of the Confirmation Order (the "***Non-Disparagement Clause***") prohibits the Debtor Parties (as defined therein) from publicly making, publishing, or communicating, whether directly or indirectly, any derogatory, disparaging, or defamatory statements, remarks, or comments (a "***Prohibited Comment***") about Ms. Almánzar, her family members (including without limitation her children born prior to or after the Petition Date, husband, siblings, parents, step-parents, grandparents, aunts, uncles, nieces, nephews and cousins (excluding any cousins more removed than second cousins), and/or any/all entities owned or controlled by Ms. Almánzar (collectively, the "***Almánzar Parties***"), in any public forum or medium, including social media accounts, websites, blogs, or other communication channels and including but not limited to those owned or controlled, fully or partially, by the Debtor Parties and/or by Cheickna Kebe and/or by Yelen Entertainment, LLC and further including but not limited to "unwinewithtashak," "The Wine Cellar Podcast," or "Tasha K Live."

C.       Paragraph 14(a) further provides that Debtor shall ensure that no content, regardless of the nature of the content, related to Ms. Almánzar and/or her family, whether explicitly or implicitly, will be published or disseminated on any of Debtor's social media accounts, websites,

2

blogs, or other online communication channels including without limitation "unwinewithtashak," "The Wine Cellar Podcast," or "Tasha K Live."

D.      The Court finds that Kiari Kendrell Cephus, professionally known as Offset, as Ms. Almánzar's husband, and Stefon Diggs, as the co-parent of a child born to Ms. Almánzar, are each "Almánzar Parties" within the meaning and protection of Paragraph 14 of the Confirmation Order.

E.      Debtor did not contest that the posts, statements, broadcasts, and other communications identified in the Motion and Supplement, as well as others referenced at the hearing, were made. Debtor argued only that she had a legal right to make them. The Court squarely rejects that argument. A confirmed plan of reorganization constitutes a binding order of this Court, and the sole inquiry for purposes of enforcement is whether the Debtor complied with its terms. Whether a violation was willful is legally irrelevant to the question of liability for noncompliance with a court-confirmed order. *See FTC v. Leshin*, 618 F.3d 1221, 1232–33 (11th Cir. 2010) ("substantial, diligent, or good faith efforts are not enough; the only issue is compliance").

F.      The Court finds that Debtor violated the Non-Disparagement Clause of the Confirmation Order on no fewer than the occasions identified and documented in the Motion [Dkt. No. 215, ¶¶ 14–54] and the Supplement [Dkt. No. 218, ¶¶ 1–6], spanning multiple social media platforms including YouTube, X (Twitter), Instagram, Facebook, Threads, and TikTok, and including public broadcasts on The Morning Hustle radio program. Each occurrence constitutes a violation of Paragraph 14 of the Confirmation Order.

G.      The Court further finds that Debtor is in civil contempt of this Court's Confirmation Order by reason of the violations described herein.

H.      The Court finds that the cure provision set forth in Paragraph 14(b) of the Confirmation Order, by its plain terms, applies only to content concerning an Unidentified

3

Almánzar Party — that is, a family member of Ms. Almánzar not known to Debtor or the general public to be related to Ms. Almánzar. None of the violations at issue involve an Unidentified Almánzar Party within the meaning of that provision. Accordingly, the cure provision has no application to any of the violations found herein, and Debtor's post-publication removal of content upon notice does not cure or mitigate any violation. A violation of the Non-Disparagement Clause is complete upon publication.

I.      With respect to the citation errors identified in the Reply [Dkt. No. 222] and acknowledged in the Corrective Notice [Dkt. No. 223], the Court acknowledges and accepts the apology tendered by Debtor's counsel. However, the Court finds that an apology, while appropriate, does not fully resolve Debtor's counsel's obligations under Bankruptcy Rule 9011. The standard governing submissions to this Court is objective: legal contentions must be warranted by existing law at the time of filing. Bankruptcy Rule 9011(b)(2). The citation errors identified in the Reply failed to meet that standard. These deficiencies were not discovered by Debtor's counsel prior to filing; they were identified by opposing counsel and documented in the Reply. Debtor's counsel waived further hearing on the Rule 9011 issue.

### **ORDER**

Based upon the foregoing findings of fact and conclusions of law, and for the reasons stated on the record at the hearing held on May 6, 2026, it is hereby **ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART WITHOUT PREJUDICE** as set forth below:

1.      **Cease and Desist; Removal of Prohibited Content.** Debtor, and all parties acting in concert with Debtor, must immediately cease and desist from all conduct in violation of the Non-Disparagement Clause set forth in Paragraph 14 of the Confirmation Order [Dkt. No. 197], including without limitation all direct, indirect, and implicitly coded references to Ms. Almánzar

and/or her family members, including but not limited to Offset and Stefon Diggs. Debtor must immediately remove all content that violates Paragraph 14 from any and all social media platforms, websites, blogs, and online communication channels owned, operated, or controlled by Debtor or any party acting in concert with Debtor.

2. **Civil Contempt**. Debtor is found to be in civil contempt of the Confirmation Order [Dkt. No. 197] by reason of her multiple violations of Paragraph 14 thereof, as set forth in the Findings of Fact and Conclusions of Law above.

3. **Attorneys' Fees and Costs.** Ms. Almánzar is awarded her attorneys' fees and costs in two separate categories. First, Ms. Almánzar is awarded her attorneys' fees and costs incurred from the date of the Confirmation Order through and including the date of the hearing on the Motion, in connection with monitoring, documenting, and enforcing Debtor's compliance with the Non-Disparagement Clause set forth in Paragraph 14 of the Confirmation Order (the "*Compliance Enforcement Award*"). Second, Ms. Almánzar is awarded her attorneys' fees and costs for research and the drafting of the Reply (the "*Reply Award*," collectively with the Compliance Enforcement Award, the "*Fees and Costs Award*"). The amount of fees and costs comprising the Fees and Costs Award will be determined in accordance with the procedure set forth in Paragraph 4 of this Order and must be paid to Ms. Almánzar, in the manner as directed by her counsel, no later than **twenty-eight days** after the entry of any order of this Court establishing the amount of attorneys' fees awarded to Ms. Almánzar pursuant to this Order.

4. **Fee Affidavit Procedure**. Within **twenty-one days** of the date of entry of this Order, counsel for Ms. Almánzar, James C. Moon, Esq. of Meland Budwick, P.A., and co-counsel Lisa Moore, Esq. and W. Andrew Pequignot, Esq. of Moore Pequignot LLC, must jointly file with the Court an affidavit of fees and costs, with attendant time records attached as an exhibit thereto,

setting forth the attorneys' fees and costs sought pursuant to Paragraph 3 of this Order. Debtor will have **fourteen days** after service of the fee affidavit to file any objection thereto. Following the expiration of the objection period, the Court will determine whether an evidentiary hearing is necessary or whether the matter may be resolved on the submissions. The parties are authorized and encouraged to confer and attempt to resolve any objections before any deadline or evidentiary hearing set by the Court. If the parties reach agreement on the amount of attorneys' fees and costs to be awarded, they may submit an agreed order to the Court for entry without further hearing.

5. **Prospective Monetary Sanctions for Future Violations – Denied Without Prejudice**. The request for the imposition of a prospective monetary sanction for violations of Paragraph 14 of the Confirmation Order that have not yet occurred is **DENIED WITHOUT PREJUDICE**. Should future violations of the Non-Disparagement Clause occur, Ms. Almánzar may seek appropriate relief from this Court at that time. Upon any application, the Court will consider the nature and circumstances of the alleged violation and, if a violation is found to have occurred, will fashion an appropriate sanction at that time.

6. **Bankruptcy Rule 9011 Sanctions Against Debtor's Counsel.** Based upon the citation errors identified in the Reply [Dkt. No. 222] and acknowledged by Debtor's counsel in the Corrective Notice [Dkt. No. 223], and upon Debtor's counsel's waiver of further hearing on the Rule 9011 issue at the May 6, 2026 hearing, the Court hereby imposes a sanction pursuant to Bankruptcy Rule 9011 against Chad T. Van Horn, Esq. and Van Horn Law Group, P.A. in an amount equal to **10% of the Reply Award**, awarded to Ms. Almánzar pursuant to Paragraph 3 of this Order. The sanction must be paid directly to Ms. Almánzar, in the manner as directed by her counsel, no later than **twenty-eight days** after the entry of any order of this Court establishing the amount of attorneys' fees awarded to Ms. Almánzar pursuant to this Order.

7.      **All Other Relief.** All other relief requested in the Motion [Dkt. No. 215] and the Supplement [Dkt. No. 218] not specifically addressed in this Order is **DENIED WITHOUT PREJUDICE**.

8.      The Court reserves jurisdiction to enforce the terms of this Order.

###

Submitted by:

James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Creditor Belcalis Marlenis Almánzar*