UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

LATASHA TRANSRINA KEBE,

Case No. 23-14082-SMG
Chapter 11
Subchapter V

        Debtor.

_____/

**NOTICE OF FILING JOINT AFFIDAVITS
IN SUPPORT OF ATTORNEYS' FEES AND COSTS**

Belcalis Marlenis Almánzar, by and through undersigned counsel, hereby files the following:

1.       Affidavit of James C. Moon, Esq. in Support of Attorneys' Fees and Costs, attached as **Exhibit 1**; and

2.       Affidavit of Lisa Moore, Esq. in Support of Attorneys' Fees and Costs, attached as **Exhibit 2**. As a result of a technical issue with Ms. Moore's billing software, at the time of filing of her affidavit, the time records could not be printed notwithstanding multiple attempts to do so. The accompanying records will be submitted in a supplemental filing and provided to opposing counsel as soon as they are accessible.

[Remainder of page left blank. Next page is signature page.]

1

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on June 3, 2026, via the Court's Notice of Electronic Filing upon Registered Users set forth on the Electronic Mail Notice List and served via Regular U.S. Mail upon the parties listed on the Manual Notice List.

Respectfully Submitted:

By: */s/James C. Moon*
James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Belcalis Marlenis Almánzar*

MELAND | BUDWICK
3200 SOUTHEAST FINANCIAL CENTER | 200 SOUTH BISCAYNE BOULEVARD | MIAMI, FL 33131 | T 305-358-6363

**Electronic Mail Notice List**
The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Karen Ann Green**    ANHSOrlans@InfoEx.com
- **Brett D Lieberman**    brett@elrolaw.com, eservice@elrolaw.com;tisha@elbizlaw.com;virginia@elbizlaw.com;denissis@elbizlaw.com
- **James C. Moon**    jmoon@melandbudwick.com, ltannenbaum@melandbudwick.com;mrbnefs@yahoo.com;jmoon@ecf.courtdrive.com;ltannenbaum@ecf.courtdrive.com;phornia@ecf.courtdrive.com
- **Martin P Ochs**    martin.p.ochs@usdoj.gov
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **Raychelle A Tasher**    Raychelle.Tasher@usdoj.gov, bridgett.moore@usdoj.gov;Shannon.Patterson@usdoj.gov
- **Chad T Van Horn**    Chad@cvhlawgroup.com, chad@ecf.inforuptcy.com,chapter7@cvhlawgroup.com,broward@cvhlawgroup.com,chapter11@cvhlawgroup.com,miami@cvhlawgroup.com,cmecf@cvhlawgroup.com,VanHorn.ChadB104447@notify.bestcase.com,ECF@cvhlawgroup.com,van-horn-law
- **Maria Yip**    trustee@yipcpa.com, mmy@trustesolutions.net;cmmy11@trustesolutions.net;F012@ecfcbis.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Ally Bank, c/o AIS Portfolio Services, LLC**
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

**American Express National Bank**
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

**Discover Bank**
PO Box 3025
New Albany, OH 43054

# Exhibit 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

LATASHA TRANSRINA KEBE,

Case No. 23-14082-SMG
Chapter 11
Subchapter V

Debtor.

_____/

**AFFIDAVIT OF JAMES C. MOON, ESQ.**
**IN SUPPORT OF ATTORNEYS' FEES AND COSTS**

STATE OF FLORIDA        )
                         ) ss:
COUNTY OF MIAMI-DADE    )

BEFORE ME, the undersigned authority, personally appeared James C. Moon, Esq. (*"**Affiant**"*), who, after being duly sworn, deposes and states as follows:

**I. INTRODUCTION AND PURPOSE OF AFFIDAVIT**

1.      Affiant is James C. Moon, Esq., an attorney licensed to practice law in the State of Florida, admitted to this Court, and a partner with the law firm of Meland Budwick, P.A. ("**MB**"), located at 3200 Southeast Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131.

2.      This Affidavit is submitted pursuant to Paragraph 4 of the Court's *Order (I) Granting In Part and Denying In Part, Without Prejudice, Belcalis Marlenis Almánzar's Motion to (I) Enforce Confirmed Plan and Confirmation Order and (II) Impose Sanctions, Including Attorneys' Fees and Costs, and (II) Imposing Rule 9011 Sanctions Against Debtor's Counsel* the ("**Order**") [Dkt. No. 225], entered May 13, 2026. The Order directs MB and co-counsel Moore Pequignot LLC to jointly file an affidavit of attorneys' fees and costs, with time records attached as an exhibit, setting forth the fees and costs sought pursuant to Paragraph 3 of the Order.

3.      MB represents Creditor Belcalis Marlenis Almánzar ("*Ms. Almánzar*") in the above-captioned case. Affiant is MB's lead attorney on this matter and is familiar with the scope, nature, and extent of the professional services rendered by MB and described herein. Affiant has reviewed MB's billing records and cost records prior to executing this Affidavit.

## II. CATEGORIES OF FEES AND COSTS AWARDED

4.      As set forth in Paragraph 3 of the Order, the Court has awarded Ms. Almánzar attorneys' fees and costs in two separate categories:

(a) **Compliance Enforcement Award**. Attorneys' fees and costs incurred from the date of the Order Confirming Debtor's Subchapter V Plan of Reorganization (the "*Confirmation Order*") [Dkt. No. 197], entered March 4, 2025, through and including the date of the hearing on the Motion, May 6, 2026, in connection with monitoring, documenting, and enforcing Debtor's compliance with the Non-Disparagement Clause set forth in Paragraph 14 of the Confirmation Order.

(b) **Reply Award**. Attorneys' fees and costs incurred in connection with research and drafting of Ms. Almánzar's Reply to Debtor's Response in Opposition to the Motion (the "*Reply*") [Dkt. No. 222].

5.      Together, the Compliance Enforcement Award and the Reply Award constitute the "*Fees and Costs Award*" as used in the Order.

## III. FEES AND COSTS OF MELAND BUDWICK, P.A.

6.      The hourly rates charged by MB attorneys and professional staff in this matter are set forth below. These rates are MB's standard billing rates for the applicable periods and are consistent with rates charged to other clients of the firm for comparable services:

| Attorney / Staff | 2025 Rate | 2026 Rate | Total Hours |
|---|---|---|---|
| James C. Moon | $675.00 | $695.00 | 84.5 |
| Irene Hernandez | N/A | $240.00 | 2.2 |
| | | TOTAL | 86.7 |

7.     **Compliance Enforcement Award — MB Fees and Costs**. For the Compliance Enforcement Award category, MB expended 62.5 hours in the rendition of necessary professional services, including monitoring social media platforms, documenting violations, internal communications regarding compliance, preparing and filing the Motion and Supplement. The total fees due MB for this category are $43,130.00 (the "*MB Compliance Enforcement Fees*"). MB also incurred costs of $166.74 in connection with this category (the "*MB Compliance Enforcement Costs*"). The combined MB amount for the Compliance Enforcement Award is $43,296.74.

8.     **Reply Award — MB Fees and Costs**. For the Reply Award category, MB expended 24.2 hours in the rendition of necessary professional services in connection with legal research and drafting of the Reply [Dkt. No. 222]. The total fees due MB for this category are $16,045.50 (the "*MB Reply Fees*"). MB also incurred costs of $422.92 in connection with this category (the "*MB Reply Costs*"). The combined MB amount for the Reply Award is $16,468.42.

9.     The MB time records and itemized costs for each category are attached hereto as **Exhibit A**. The time records are organized by category and reflect the reasonable hours expended and the applicable rates charged.

## IV. REASONABLENESS OF FEES AND COSTS

10.    Affiant believes that the fees and costs requested herein are reasonable. In making this determination, Affiant has applied a lodestar analysis, cross-referenced with the relevant factors set forth in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985), and *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), as applicable in this Court. The lodestar — the product of the reasonable hours expended multiplied by a reasonable hourly rate — yields a presumptively reasonable fee. MB's total lodestar for this matter is $682.53 (86.7 hours at blended rates described above).

11.    **Time, Labor, Complexity, and Skill Required**. The work performed by MB in this matter was both time-intensive and legally complex. The Compliance Enforcement Award category required continuous monitoring of Debtor's social media activity across multiple platforms over a period of more than fourteen months following confirmation, the systematic documentation of violations spanning YouTube, X (formerly Twitter), Instagram, Facebook, Threads, and TikTok, as well as public radio broadcasts, and the preparation of a detailed evidentiary record for the Motion and Supplement. The Reply required focused legal research on the standard for civil contempt of a confirmation order under Eleventh Circuit precedent and on the inapplicability of the cure provision and violations of Rule 9011. This work required substantial skill and experience in bankruptcy enforcement practice. MB professionals avoided unnecessary duplication of effort throughout.

12.    **Prevailing Rates in the Locality**. The hourly rates charged by MB are consistent with, and well within, the range of rates charged by attorneys of comparable experience and skill for similar legal services in the Southern District of Florida. Affiant is familiar with the prevailing market rates in this District based on his years of practice and his knowledge of fee awards in

comparable proceedings before this Court. The rates charged by MB attorneys reflect their respective experience, seniority, and the nature of the services rendered.

13.    **Experience, Reputation, and Ability of Counsel**. James C. Moon received his B.G.S. from the University of Connecticut in 1995 and his J.D., with honors, from the University of Connecticut School of Law in 2000, where he was a member, editor, and published author of the Connecticut Law Review, a member of the Connecticut Moot Court Board, and winner of the 1998 Alva P. Loiselle Moot Court Competition. Mr. Moon was admitted to the Connecticut bar in 2000, the New York bar in 2001, and the Florida bar in 2004, and is admitted to practice before the Eleventh Circuit Court of Appeals, the United States District and Bankruptcy Courts for the Southern and Eastern Districts of New York and the Southern and Middle Districts of Florida. Mr. Moon is a past president of the Bankruptcy Bar Association for the Southern District of Florida, a past chair of the Bankruptcy/UCC Committee of the Business Law Section of the Florida Bar, and a recipient of the 2025 Distinguished Service Award from the Florida Bar's Business Law Section. He is AV Peer Review Rated by Martindale-Hubbell, listed in Chambers and in the Best Lawyers in America, and recognized as a Florida Super Lawyer. Meland Budwick, P.A. is a well-regarded commercial litigation and restructuring firm with substantial experience in bankruptcy proceedings and civil litigation.

14.    **Results Obtained**. Ms. Almánzar prevailed on her Motion in all material respects. The Court found Debtor in civil contempt of the Confirmation Order, found no fewer than the violations documented in the Motion and Supplement across six social media platforms and a public radio broadcast, rejected Debtor's legal defense in its entirety, ordered immediate cessation of all violating conduct and removal of all prohibited content, awarded the Fees and Costs Award

in two separate categories, and separately imposed Rule 9011 sanctions against Debtor's counsel. The results obtained fully justify the fees and costs incurred.

15.     **Fee Arrangement**. The fees requested herein are non-contingent hourly fees consistent with MB's standard engagement terms and with the rates charged to MB's other clients for comparable services.

## V. VERIFICATION

16.     Based on Affiant's experience and knowledge of the customary fees for similar services in this locality, Affiant affirms that the attorneys' fees and costs sought herein are reasonable and justified under the circumstances of this proceeding.

17.     Affiant hereby certifies under penalty of perjury that the foregoing is true and correct to the best of Affiant's knowledge, information, and belief.

FURTHER AFFIANT SAYETH NAUGHT.

By: _____
        James C. Moon, Esq.
        Florida Bar No. 938211

STATE OF FLORIDA                    )
                                   ) ss.
COUNTY OF MIAMI-DADE                )

Sworn to (or affirmed) and subscribed before me by means of ☒ physical presence or ☐ online notarization, on June 3 , 2026, by James C. Moon, who:

☒     is personally known to me; or
☐     produced _____ as identification.

_____
Signature of Notary Public
Printed Name: Daimis Elchediak
My Commission Expires: _____

# MELAND | BUDWICK

PROFESSIONAL ASSOCIATION
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131

Belcalis Marlenis Almánzar
MOORE PEQUIGNOT LLC
887 W Marietta St NW, Ste M-
102 Atlanta, GA 30318

TELEPHONE (305)358-6363 FAX
(305) 358-1221

Matter #:   10359-1
Invoice #:

RE: In re: Latasha Transrina Kebe, Case No. 23-14082-SMG

| Date | Lawyer | Description | Rate | Hours | Fees |
|------|--------|-------------|------|-------|------|
| July 9, 2025 | JCM | review and respond to email from Ms. Moore regarding Debtor's social media posts; review same; review youtube video (.4); calll with Ms. Moore regarding prohibited comments (.1); research regarding personalities referenced in Debtor's social media posts (.3); call with Mr. Van Horn regarding same (.1); draft notice of prohibited comments and email to Mr. Van Horn regarding same and demand for retraction (.5). | $675.00 | 1.40 | $945.00 |
| July 19, 2025 | JCM | Call with Ms. Moore to discuss issues with client and monitoring Tasha K social media (.3). | $675.00 | 0.30 | $202.50 |
| August 7, 2025 | JCM | Review and respond to text messages with Ms. Moore regarding Tasha Kebe's prohibited comments on social media; review post and comments (.4). | $675.00 | 0.40 | $270.00 |
| August 8, 2025 | JCM | Review X post and comments; draft second notice of prohibited comment violation; transmit to Mr. Van Horn (.4). | $675.00 | 0.40 | $270.00 |
| August 11, 2025 | JCM | Draft email to Mr. Van Horn and Ms. Milam regarding prohibited comment and failure to timely take down (.1); call to Maria Yip regarding prohibited comments (.1); call to Mr. Van Horn regarding same (.1); call to Ms. Milam regarding same (.1); review and respond to email from Ms. Milam regarding prohibited comments (.3); review email response from Ms. Moore regarding same (.1); review email from Ms. Milam advising post has been removed (.1). | $675.00 | 0.90 | $607.50 |
| September 18, 2025 | JCM | Review and respond to emails with Ms. Moore regarding video of Tasha K interviewing a guest about Stefon Diggs; review video; respond to Ms. Moore (.2). | $675.00 | 0.20 | $135.00 |
| October 14, 2025 | JCM | Review  and respond to text message from Ms. Moore with X post from Ms. Kebe; draft and respond to texts with Mr. Van Horn regarding same (.3). | $675.00 | 0.30 | $202.50 |
| October 15, 2025 | JCM | Review email from Ms. Massinger advising violative social media post by Ms. Kebe has been taken down; forward to Ms. Moore (.1). | $675.00 | 0.10 | $67.50 |
| January 5, 2026 | JCM | Call with Ms. Moore regarding social media posts by Ms. Kebe (.1); review and respond to text messages regarding same (.2). | $695.00 | 0.30 | $208.50 |
| January 7, 2026 | JCM | Review email from Ms. Moore; review confirmation order and non-disparagement clause; respond to Ms. Moore regarding same; research social media posts of Ms. Kebe (1.6). | $695.00 | 1.60 | $1,112.00 |
| January 15, 2026 | JCM | Review and respond to text messages with Ms. Moore regarding TikTok posts by Ms. Kebe (.4); draft and respond to text messages with Mr. Van Horn regarding the text messages (.2); research internet for latest posts about cardi b and Ms. Kebe related to potential violation of non-disparagement clause (.5). | $695.00 | 1.10 | $764.50 |
| January 16, 2026 | JCM | Review and respond to texts with Ms. Moore regarding Kebe social media posts and filing with bankruptcy court (.2) | $695.00 | 0.20 | $139.00 |
| January 22, 2026 | JCM | Research for and drafting of motion to enforce plan and confirmation order; draft email to Ms. Moore regarding same (4.2) | $695.00 | 4.20 | $2,919.00 |
| February 7, 2026 | JCM | Review and respond to texts with Ms. Moore regarding new violations of non-disparagement clause of Confirmation Order by Tasha K (.4); review social media for relevant offending posts (.7). | $695.00 | 1.10 | $764.50 |
| February 8, 2026 | JCM | Review and respond to texts with Ms. Moore regarding additional proof of violations of non-disparagement clause of Confirmation Order (.3); review social media for additional offending posts and commentary (.4). | $695.00 | 0.70 | $486.50 |

| Date | | Description | | | |
|---|---|---|---|---|---|
| February 9, 2026 | JCM | Review and respond to text messages with Ms. Moore regarding continuing violations of the non-disparagement provisions of the Confirmation Order (.4); review and respond to emails with Ms. Moore regarding proof of additional violations of non-disparagement provisions of the Confirmation Order (.2); research Twitter / X for violative social media posts by Ms. Kebe; draft motion to enforce Confirmation Order (5.5). | $695.00 | 6.10 | $4,239.50 |
| February 10, 2026 | JCM | Research for and drafting of Motion to Enforce (5.7). | $695.00 | 5.70 | $3,961.50 |
| February 11, 2026 | JCM | Research for and drafting of motion to enforce settlement agreement and sanctions (6.2). | $695.00 | 6.20 | $4,309.00 |
| February 12, 2026 | JCM | Call with Ms. Moore regarding strategy with respect to motion to enforce confirmation order (.3); research for and drafting of motion to enforce confirmation order and for sanctions (5.4). | $695.00 | 5.70 | $3,961.50 |
| February 21, 2026 | JCM | Review and respond to text messages from Ms. Moore regarding another violation of the non-disparagement clause of the Plan and Confirmation Order; draft notice of prohibited comment to Mr. Van Horn regarding same (.5). | $695.00 | 0.50 | $347.50 |
| February 23, 2026 | JCM | review and respond to email from Ms. Massinger regarding Debtor violations of non-disparagement clause (.1). | $695.00 | 0.01 | $69.50 |
| February 26, 2026 | JCM | Revise and edit draft discovery (.8). | $695.00 | 0.80 | $556.00 |
| February 27, 2026 | JCM | Call with Ms. Yip regarding discovery and issues related to Debtor plan compliance (.3) | $695.00 | 0.30 | $208.50 |
| March 7, 2026 | JCM | Review and respond to text messages with Ms. Moore regarding GoFundMe account from Tasha K; research social media posts from Debtor and/or related to client (.6). | $695.00 | 0.60 | $417.00 |
| March 8, 2026 | JCM | Review and respond to text message from Ms. Moore with Debtor's "Spaces" crash out; review social media posts related to same and/or client relationship (.5). | $695.00 | 0.50 | $347.50 |
| March 9, 2026 | JCM | Review and respond to text messages with Ms. Moore regarding new post from Tasha K regarding her GoFundMe account; review social media posts related to same (.2). | $695.00 | 0.20 | $139.00 |
| March 10, 2026 | JCM | Review and respond to text messages with Ms. Moore regarding GoFundMe account and strategy to handle; review social media posts related to same (.5). | $695.00 | 0.50 | $347.50 |
| March 11, 2026 | JCM | Monitor GoFundMe site and related social media posts for violations of CO (.6). | $695.00 | 0.60 | $417.00 |
| March 12, 2026 | JCM | Monitor GoFundMe efforts; review recent social media posts regarding same (.6). | $695.00 | 0.60 | $417.00 |
| March 13, 2026 | JCM | Review social media posts of Tasha K for NDA violations and issues related to GoFundMe effort (.4). | $695.00 | 0.40 | $278.00 |
| March 16, 2026 | JCM | Review social media posts related to serial bankruptcy filing strategy and GoFundMe account; draft emails to Ms. Moore regarding same (.5). | $695.00 | 0.50 | $347.50 |
| March 19, 2026 | JCM | Review social media posts related to GoFundMe and references direct or indirect to client (.5). | $695.00 | 0.50 | $347.50 |
| March 22, 2026 | JCM | Review and respond to email from Ms. Moore regarding GoFundMe set up out of "spite; review clip (.2). | $695.00 | 0.20 | $139.00 |
| March 23, 2026 | JCM | Review email from Ms. Moore and emails from Mr. Nani regarding Bloomberg article on Nicki Minaj donation (.1). | $695.00 | 0.10 | $69.50 |
| March 24, 2026 | JCM | Research for and drafting of motion to enforce Plan and Confirmation Order (5.5); call with Ms. Moore regarding same (.1). | $695.00 | 5.60 | $3,892.00 |
| March 25, 2026 | JCM | Research social media for additional violations to non-disparagement clause; revise and edit draft motion; draft email to Ms. Moore regarding same (1.2); review and respond to emails from Ms. Weiss regarding analysis of Debtor's documents and missing documentation (.2); review and respond to emails with Mr. Mukamal regarding zoom call to discuss analysis of Debtor's production (.2); review invoices from KM for problematic items; draft email to Ms. Moore regarding same (.2). | $695.00 | 1.80 | $1,251.00 |
| April 9, 2026 | JCM | Review email from Ms. Moore with comments to draft Motion to Enforce Plan and Confirmation Order (.1); call with Ms. Moore regarding Motion to Enforce Plan and Confirmation Order (.2). | $695.00 | 0.30 | $208.50 |
| April 10, 2026 | IH | Compile exhibits to Motion to (I) Enforce Confirmed Plan and Confirmation Order and (II) Impose Sanctions; revise and e-file same. | $240.00 | 0.30 | $72.00 |
| April 10, 2026 | JCM | Calls with Ms. Moore regarding Motion to Enforce (.9); review edits from Ms. Moore; revise and edit draft motion incorporating same and additional edits related to new violations; draft and respond to emails with Ms. Moore regarding same; attention to finalization and filing of same; text messages with Ms. Moore regarding same (4.5); send courtesy file copy to Ms. Yip and Mr. Ochs (.1) | $695.00 | 5.50 | $3,822.50 |

| April 11, 2026 | JCM | Review and respond to email from Ms. Moore regarding Tasha K post and comment from Offset (.1). | $695.00 | 0.10 | $69.50 |
|---|---|---|---|---|---|
| April 14, 2026 | JCM | Monitor social media for new violations from Debtor of NDA (.4). | $695.00 | 0.40 | $278.00 |
| April 21, 2026 | JCM | Review Debtor's social media accounts for prohibited content; draft and respond to text messages with Ms. Moore regarding same; transcribe prohibited content social media post; draft email to Ms. Moore regarding same (.8). | $695.00 | 0.80 | $556.00 |
| April 22, 2026 | JCM | Research for and drafting of supplement to Motion; draft and respond to emails with Ms. Moore regarding same (3.6); review Debtor's social media platforms for additional violations (.4); call with Ms. Moore regarding Supplement to Motion and filing (.2). | $695.00 | 4.20 | $2,919.00 |
| April 22, 2026 | IH | Revise and e-file Supplement to Motion to (I) Enforce Confirmed Plan and Confirmation Order and (II) Impose Sanctions. | $240.00 | 0.20 | $48.00 |
| May 1, 2026 | JCM | Review response to Motion to Enforce; draft email to Ms. Moore regarding same (.2); Review response to Motion to Enforce (.3). | $695.00 | 0.50 | $347.50 |
| May 3, 2026 | JCM | Research for and drafting of Reply; identify and investigate what appear to be face citations, quotations; draft and respond to correspondence/texts regarding same and how to handle; research appropriate way to address improper use of AI by opposing counsel (6.5). | $695.00 | 6.50 | $4,517.50 |
| May 4, 2026 | IH | Revise and e-file Reply to Debtor's Response In Opposition to Motion to (I) Enforce Confirmed Plan and Confirmation Order, and (II) Award Attorneys' Fees and Sanctions [Dkt. No. 220]. | $240.00 | 0.20 | $48.00 |
| May 4, 2026 | JCM | Research for and drafting of Reply, specifically flyspeck all cases referenced by Debtor based on apparent citations of AI or fake cases and quotes; draft and respond to emails with Mr. Pequignot and Ms. Moore regarding same and apparent use of AI or fake cases and quotes in Debtor's Response, issues with inapposite propositions by some real cases and how to address with court (2.5); draft email to Ms. Yip and Mr. Ochs with courtesy copy of Reply (.1); draft email to Ms. Hernandez, compiling all cases used by Debtor in Response for hearing preparation and inclusion in hearing binder (.1); call with Ms. Moore regarding Reply (.1). | $695.00 | 2.80 | $1,946.00 |
| May 5, 2026 | IH | Research re: cases cited in Motion to (I) Enforce Confirmed Plan and Confirmation Order, and (II) Impose Sanctions, Including Attorneys' Fees and Costs, Response In Opposition and Reply re: same; compile documents and prepare attorney for hearing on May 6, 2026 re: same. | $240.00 | 1.50 | $360.00 |
| May 5, 2026 | JCM | Call with Mr. Van Horn regarding use of fake cases, quotations, inapposite propositions of law in Response; apology given and accepted (.2); call with Ms. Moore regarding same (.1). | $695.00 | 0.30 | $208.50 |
| May 5, 2026 | JCM | Review cases cited in Motion, Response and Reply; prepare for hearing on Motion to Enforce; draft oral argument (5.5); review and analyze Notice to Correct and Clarify Citations in Debtor's Response; draft email to Ms. Moore regarding same (.4). | $695.00 | 5.90 | $4,100.50 |
| May 6, 2026 | JCM | Prepare for and attend hearing on Motion to Enforce (6.5). | $695.00 | 6.50 | $4,517.50 |
| | Totals | | | 86.61 | $59,175.50 |

| Date | DISBURSEMENTS | Disbursements |
|---|---|---|
| March 1, 2026 | WESTLAW RESEARCH SERVICES/ Inv. 853260171 | $65.58 |
| April 1, 2026 | WESTLAW RESEARCH SERVICES/INV 853466212 | $101.76 |
| May 6, 2026 | WESTLAW RESEARCH SERVICES/INV 853466213 | $422.92 |
| Totals | | $590.26 |

| | | |
|---|---|---|
| **Total Fees, Disbursements** | **$** | **59,765.76** |
| **Invoice Total** | **$** | **59,765.76** |
| **Balance Due Now** | **$** | **59,765.76** |

> **The balance due must be received in our office within 10 days of the invoice date. If we do not receive payment when due, you will be charged interest at the rate of 18% per annum on the unpaid balance. Thank you for your prompt payment.**

# Exhibit 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

LATASHA TRANSRINA KEBE,

Case No. 23-14082-SMG
Chapter 11
Subchapter V

Debtor.

_____/

## AFFIDAVIT OF LISA F. MOORE, ESQ.
## IN SUPPORT OF ATTORNEYS' FEES AND COSTS

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) ss: |
| COUNTY OF FULTON | ) |

BEFORE ME, the undersigned authority, personally appeared Lisa F. Moore, Esq. (*"Affiant"*), who, after being duly sworn, deposes and states as follows:

### I. INTRODUCTION AND PURPOSE OF AFFIDAVIT

1. Affiant is Lisa F. Moore, Esq., an attorney licensed to practice law in the State of Georgia, admitted to this Court *pro hac vice*, and the principal member of the law firm Moore Pequignot LLC (*"Moore Pequignot"*), an entertainment and intellectual property boutique practice located at 887 West Marietta Street NW, Suite M-102, Atlanta, Georgia 30318.

2. This Affidavit is submitted pursuant to Paragraph 4 of the Court's *Order (I) Granting In Part and Denying In Part, Without Prejudice, Belcalis Marlenis Almánzar's Motion to (I) Enforce Confirmed Plan and Confirmation Order and (II) Impose Sanctions, Including Attorneys' Fees and Costs, and (II) Imposing Rule 9011 Sanctions Against Debtor's Counsel* the (*"Order"*) [Dkt. No. 225], entered May 13, 2026. The Order directs Meland Budwick, P.A. (*"MB"*) and co-counsel Moore Pequignot to jointly file an affidavit of attorneys' fees and costs,

with time records attached as an exhibit, setting forth the fees and costs sought pursuant to Paragraph 3 of the Order.

3.    MB and Moore Pequignot represent Creditor Belcalis Marlenis Almánzar ("**Ms. Almánzar**") in the above-captioned case. Affiant is Moore Pequignot's lead attorney on this matter and is familiar with the scope, nature, and extent of the professional services rendered by Moore Pequignot and described herein. Affiant has reviewed Moore Pequignot's billing records and cost records prior to executing this Affidavit.

## II.    CATEGORIES OF FEES AND COSTS AWARDED

4.    As set forth in Paragraph 3 of the Order, the Court has awarded Ms. Almánzar attorneys' fees and costs in two separate categories:

(a)    **Compliance Enforcement Award**. Attorneys' fees and costs incurred from the date of the Order Confirming Debtor's Subchapter V Plan of Reorganization (the "**Confirmation Order**") [Dkt. No. 197], entered March 4, 2025, through and including the date of the hearing on the Motion, May 6, 2026, in connection with monitoring, documenting, and enforcing Debtor's compliance with the Non-Disparagement Clause set forth in Paragraph 14 of the Confirmation Order.

(b)    **Reply Award**. Attorneys' fees and costs incurred in connection with research and drafting of Ms. Almánzar's Reply to Debtor's Response in Opposition to the Motion (the "**Reply**") [Dkt. No. 222].

5.    Together, the Compliance Enforcement Award and the Reply Award constitute the "**Fees and Costs Award**" as used in the Order.

### III. FEES AND COSTS OF MOORE PEQUIGNOT LLC

6. The hourly rates charged by Moore Pequignot attorneys in this matter are set forth below. These rates are Moore Pequignot's standard billing rates for the applicable periods and are consistent with rates charged to other clients of the firm for comparable services:

| Attorney | 2025 Rate | 2026 Rate | Total Hours |
|---|---|---|---|
| Lisa F. Moore | $800 | $900 | 4.9 Hours x $800 + 45.6 Hours x $900 |
| W. Andrew Pequignot | $800 | $900 | 0.1 Hours x $800 + 5.9 Hours x $900 |
| | | TOTAL | $50,350 |

7. **Compliance Enforcement Award - Moore Pequignot Fees and Costs**. For the Compliance Enforcement Award category, Affiant expended 45.7 hours (4.9 hours at $800 and 40.8 at $900) and my law partner W. Andrew Pequignot expended 4.3 hours (0.1 hours at $800 and 4.2 hours at $900) in the rendition of necessary professional services, including monitoring social media platforms, documenting violations, internal communications regarding compliance, preparing and filing the Motion and Supplement. The total fees due Moore Pequignot for this category are $44,500 (the "*Moore Pequignot Compliance Enforcement Fees*").

8. **Reply Award - Moore Pequignot Fees and Costs**. For the Reply Award category, Affiant expended 4.8 hours (at $900) and my law partner W. Andrew Pequignot expended 1.7 hours (at $900) in the rendition of necessary professional services in connection with legal research and drafting of the Reply [Dkt. No. 222]. The total fees due Moore Pequignot for this category are $5,850 (the "*Moore Pequignot Reply Fees*").

3

## IV.    REASONABLENESS OF FEES AND COSTS

9.      Affiant believes that the fees and costs requested herein are reasonable. In making this determination, Affiant has applied a lodestar analysis, cross-referenced with the relevant factors set forth in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985), and *Norman v. Housing Authority of the City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), as applicable in this Court. The lodestar—the product of the reasonable hours expended multiplied by a reasonable hourly rate—yields a presumptively reasonable fee. Moore Pequignot's total lodestar for this matter is $50,350.

10.     **Time, Labor, Complexity, and Skill Required**. The work performed by Moore Pequignot in this matter was both time-intensive and legally complex. The Compliance Enforcement Award category required continuous monitoring of Debtor's social media activity across multiple platforms over a period of more than fourteen months following confirmation, the systematic documentation of violations spanning YouTube, X (formerly Twitter), Instagram, Facebook, Threads, and TikTok, as well as public radio broadcasts, and the preparation of a detailed evidentiary record for the Motion and Supplement. The Reply required focused legal research on the standard for civil contempt of a confirmation order under Eleventh Circuit precedent and on the inapplicability of the cure provision and violations of Rule 9011. Moore Pequignot professionals avoided unnecessary duplication of effort throughout.

11.     **Experience, Reputation, and Ability of Undersigned Counsel**. Affiant received a B.A. in History and Political Science with Honors and Highest Distinction from the University of North Carolina-Chapel Hill in 1995, and she graduated from the University of Virginia School of Law in 1998. After law school, Affiant clerked for the District Court for the Northern District of Texas. Affiant is an AV Preeminent-rated attorney and the principal member of Moore Pequignot LLC, an intellectual property and entertainment boutique practice. She served as an

4

adjunct faculty member for many years, having previously taught Copyright Law at Georgia State College of Law, Entertainment Law and, separately, Art Law at the University of Georgia School of Law, and Art Law at Emory University School of Law, and she lectures frequently around the country on film, television, new media, copyright, trademarks, licensing, music, art law, literary publishing, and new technology issues. Affiant has received numerous accolades including:

- A "Top Music Lawyer" by *Billboard* magazine;
- A "Top Rated Lawyer" by *The American Lawyer* magazine;
- A "Top Rated Lawyer" by *Corporate Counsel* magazine;
- A "Super Lawyer" by *Super Lawyers* magazine;
- Among the Top 50 Women Lawyers in Georgia across all practice areas;
- A top entertainment and intellectual property lawyer by Georgia Trend magazine;
- Among the *Best Lawyers in America*; and
- One of the top 500 attorneys practicing in the nation by LawDragon.

She is a member of the Georgia Bar and the Texas Bar (currently non-practicing status) and admitted to practice before the Northern and Middle District Courts of Georgia and the Eleventh Circuit Court of Appeals, as well as the Georgia state courts. She also is a Fellow of the Lawyers Foundation of Georgia and a Master of the Bench in the Atlanta IP Inn of Court.

12.     **Experience, Reputation, and Ability of W. Andrew Pequignot**. Affiant's law partner W. Andrew Pequignot earned his J.D. and M.B.A. from Georgia State University in 2006 and was admitted to the Georgia Bar the same year. He practiced with a leading intellectual property law firm, Kilpatrick Townsend & Stockton LLP, from 2006 until 2015 and has been the co-member of Moore Pequignot LLC since then. He has been a frequent writer and speaker and a

5

lecturer at Emory University School of Law and Georgia State University College of Law. He served on the committee that drafted the pattern jury instructions for copyright cases in the Eleventh Circuit and served on the editorial board of the Journal of The Copyright Society of the U.S.A. ("CSUSA"). He also formerly co-chaired the Southeast Chapter of CSUSA and chaired the copyright committee of the IP Section of the State Bar of Georgia. Among other honors, he has been consistently recognized as a *Super Lawyer* and as among the *Best Lawyers in America*, which also included being named "Lawyer of the Year" in Entertainment Law - Motion Pictures and Television, and Copyright Law this year, and a "Top Music Lawyer" by *Billboard* magazine. He is admitted to practice before the Northern and Middle District Courts of Georgia, the Ninth and Eleventh Circuit Courts of Appeals, and the United States Supreme Court, as well as the Georgia state courts.

13. **Particular Experience Concerning this Matter and Relationship with Ms. Almánzar.** In addition to our extensive experience generally, Affiant and her law partner W. Andrew Pequignot were counsel for Ms. Almánzar in the defamation action in the Northern District of Georgia that resulted in the successful judgment that gave rise to this bankruptcy proceeding, and we have significant experience and background knowledge relevant to the matters addressed by Ms. Almánzar's successful Motion. Moore Pequignot has continued to represent her in matters throughout the country and obtained multiple favorable outcomes in high-profile cases, including in *Kevin Brophy Jr. v. Belcalis Almánzar* (C.D. Cal.) where a jury rejected right of publicity and false light claims arising from the use of a tattoo on the cover of a mixtape and in *Emani Ellis v. Belcalis Almánzar* (Cal. Super. Ct.) where the jury rejected civil claims brought by a security guard claiming that Ms. Almánzar assaulted her.

6

14.     **Results Obtained**. Ms. Almánzar prevailed on her Motion in all material respects. The Court found Debtor in civil contempt of the Confirmation Order, found no fewer than the violations documented in the Motion and Supplement across six social media platforms and a public radio broadcast, rejected Debtor's legal defense in its entirety, ordered immediate cessation of all violating conduct and removal of all prohibited content, awarded the Fees and Costs Award in two separate categories, and separately imposed Rule 9011 sanctions against Debtor's counsel. The results obtained fully justify the fees and costs incurred.

15.     **Fee Arrangement**. The fees requested herein are non-contingent hourly fees consistent with Moore Pequignot's standard engagement terms and with the rates charged to Moore Pequignot's other clients for comparable services. In Affiant's experience, the rates charged by Moore Pequignot attorneys reflect their respective experience, seniority, and the nature of the services rendered and are consistent with attorneys who handle the specialized areas of entertainment and intellectual property litigation with 20-plus years of experience.

## V.     VERIFICATION

16.     Affiant hereby certifies under penalty of perjury that the foregoing is true and correct to the best of Affiant's knowledge, information, and belief.

FURTHER AFFIANT SAYETH NAUGHT.

By: _____
Lisa F. Moore, Esq.
Georgia Bar No. 419633

7

STATE OF GEORGIA          )
                              ) ss.

COUNTY OF FULTON      )

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, on June 03 _____, 2026, by Lisa F. Moore, who:

☑     is personally known to me; or

☐     produced _____ as identification.

*Nicole Lynn Campbell*
Signature of Notary Public
Printed Name: Nicole Lynn Campbell
My Commission Expires: April 02, 2029

*[Notary Seal: NICOLE LYNN CAMPBELL — COMMISSION EXPIRES — NOTARY PUBLIC — COBB COUNTY, GEORGIA — APRIL 02, 2029]*

8