

**ORDERED in the Southern District of Florida on June 30, 2026.**

_____
**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

LATASHA TRANSRINA KEBE,

        Debtor.

_____/

Case No.: 23-14082-SMG
Chapter 11
Subchapter V

### STIPULATION AND AGREED ORDER (I) ESTABLISHING AND COMPROMISING THE FEES AND COSTS AWARD, (II) APPROVING GUARANTIES OF THE COMPROMISED AMOUNT, AND (III) ESTABLISHING THE RULE 9011 SANCTION AGAINST DEBTOR'S COUNSEL

This matter came before the Court upon the agreement and stipulation (the "***Stipulation***") of Creditor Belcalis Marlenis Almánzar ("***Ms. Almánzar***"), Debtor Latasha Transrina Kebe (the "***Debtor***"), and the Guarantors identified below, as evidenced by their signatures hereto. The Court, having been advised that the parties have agreed to the terms set forth below, noting that Paragraph 4 of the Court's *Order (I) Granting in Part and Denying in Part, Without Prejudice, Belcalis Marlenis Almánzar's Motion to (I) Enforce Confirmed Plan and Confirmation Order and (II) Impose Sanctions, Including Attorneys' Fees and Costs, and (II) Imposing Rule 9011 Sanctions*

1

*Against Debtor's Counsel* [Dkt. No. 225] (the "**Sanctions Order**") authorizes the parties to submit an agreed order resolving the amount of attorneys' fees and costs without further hearing, and being otherwise fully advised, finds and orders as set forth herein.

## BACKGROUND

A.      On March 4, 2025, the Court entered its *Order Confirming Debtor's Subchapter V Plan of Reorganization* [Dkt. No. 197] (the "**Confirmation Order**"). Paragraph 14 of the Confirmation Order (the "**Non-Disparagement Clause**") prohibits the Debtor and parties acting in concert with her from making prohibited comments concerning Ms. Almánzar and the Almánzar Parties.

B.      Ms. Almánzar moved to enforce the Confirmation Order and for sanctions [Dkt. No. 215] (the "**Motion**"), as supplemented [Dkt. No. 218]; the Debtor responded [Dkt. No. 220] (the "**Response**"); Ms. Almánzar replied [Dkt. No. 222] (the "**Reply**"); and the Debtor filed a Notice to Correct and Clarify Citations [Dkt. No. 223].

C.      On May 13, 2026, the Court entered the Sanctions Order [Dkt. No. 225]. The Court found the Debtor in civil contempt of the Confirmation Order for multiple violations of the Non-Disparagement Clause; ordered the Debtor and all parties acting in concert with her to cease and desist from further violations and to remove all prohibited content; awarded Ms. Almánzar her attorneys' fees and costs in two categories — the "Compliance Enforcement Award" and the "Reply Award" (together, the "**Fees and Costs Award**"); and imposed a sanction under Bankruptcy Rule 9011 against Debtor's counsel equal to ten percent (10%) of the Reply Award.

D.      Pursuant to Paragraph 4 of the Sanctions Order, counsel for Ms. Almánzar filed their joint affidavits of fees and costs and invoices supporting [Dkt. Nos. 227 and 228] (together, the "**Fee Affidavits**"), which set forth the Fees and Costs Award sought as follows: a Compliance

Enforcement Award of $87,797.34 (Meland Budwick, P.A. – $43,297.34; Moore Pequignot LLC – $44,500.00) and a Reply Award of $22,318.42 (Meland Budwick, P.A. – $16,468.42; Moore Pequignot LLC – $5,850.00), for a total Fees and Costs Award of $110,115.76.

E.       By agreed motion [Dkt. No. 229] and order [Dkt. No. 230], the Court extended the Debtor's deadline to object to the Fee Affidavits through June 26, 2026.

F.       To avoid the expense, delay, and uncertainty of further litigation over the amount and collection of the Fees and Costs Award, Ms. Almánzar, the Debtor, and the Guarantors have agreed to resolve the Debtor's obligation to pay the Fees and Costs Award on the terms set forth below, supported by the Guaranties described herein.

## STIPULATION AND ORDER

Based upon the foregoing, the agreement and Stipulation of the parties as evidenced by their signatures below, and the Court being duly advised, it is **ORDERED** as follows:

1.       **Stipulation Approved.** The Stipulation of the parties set forth in this Order is approved and made the order of the Court.

2.       **Fees and Costs Award Established.** Solely for purposes of this Order, the Fees and Costs Award awarded under Paragraph 3 of the Sanctions Order is established, as documented in the Fee Affidavits [ECF Nos. 227, 228], in the total amount of $110,115.76, comprising the Compliance Enforcement Award of $87,797.34 and the Reply Award of $22,318.42. The establishment of these amounts is solely for purposes of this Order, including the enforcement and default provisions of Paragraph 5, and shall not constitute nor be construed as an admission by the Debtor as to the reasonableness of the fees and costs comprising the Fees and Costs Award for any

3

other purpose. The Debtor withdraws and waives any objection to the Fee Affidavits and to the amounts comprising the Fees and Costs Award.

3.      **Compromise of the Debtor's Obligation.** In full compromise and settlement of the Debtor's obligation to pay the Fees and Costs Award, the Debtor shall pay Ms. Almánzar the total sum of $60,000.00 (the "***Settlement Amount***"), payable to Ms. Almánzar in the manner directed by her counsel, as follows: (a) $30,000.00 on or before the twenty-eighth (28th) day after entry of this Order; and (b) $30,000.00 on or before December 31, 2026. Provided the Debtor timely makes both payments, Ms. Almánzar shall accept the Settlement Amount in full satisfaction of the Debtor's obligation to pay the Fees and Costs Award.

4.      **Guaranties.** Each of Cheickna Kebe, individually; Quetal LLC a Wyoming limited liability company owned by Cheickna Kebe ("***Quetal***"); and Stash Media Works, LLC, a Florida limited liability company owned by the Debtor ("***Stash Media Works***") (collectively, the "***Guarantors***"), by execution of this Order, jointly and severally with the Debtor and with one another, absolutely, unconditionally, and irrevocably guarantees the full and timely payment of the Settlement Amount and, upon an uncured default under Paragraph 5, the Default Amount. Each guaranty is a guaranty of payment and not merely of collection. Each Guarantor waives presentment, demand, protest, and (except for the notice provided in Paragraph 5) notice of any kind, and waives any requirement that Ms. Almánzar first proceed against the Debtor, any other Guarantor, or any collateral before enforcing the guaranty. Each Guarantor consents to the personal jurisdiction and venue of this Court solely for purposes of enforcing this Order, including entry and enforcement of the judgment described in Paragraph 5, and for no other purpose. The execution of this Stipulation and the guaranties given herein are solely to facilitate this settlement and shall not be offered, used or construed in any other proceeding, including without limitation

4

Almánzar v. Yelen Entertainment, LLC et al., Case No. 0:26-cv-61352-AHS (S.D. Fla.), as an admission of or evidence of alter ego, successor liability, fraudulent transfer, common enterprise, ownership or control, ability to pay, or liability of any kind, and each Guarantor expressly reserves all claims, defenses, and positions in that action and any other proceeding. Upon Ms. Almánzar's receipt of the full Settlement Amount in accordance with Paragraph 3, the guaranties given under this Paragraph shall be automatically satisfied, released, terminated and of no further force or effect

5.      **Default; Acceleration; Consent to Final Judgment.** If the Debtor fails to make any payment of the Settlement Amount when due, Ms. Almánzar shall provide written notice of default by email to Debtor, each Guarantor and Debtor's counsel, and the Debtor and the Guarantors shall have five (5) business days from transmission of such notice to cure. Upon any uncured default: (a) the compromise in Paragraph 3 is void; (b) the entire Fees and Costs Award of $110,115.76 (as established in Paragraph 2 solely for the purposes stated therein), less all amounts actually paid, shall be immediately due and owing, jointly and severally, from the Debtor and the Guarantors (the "***Default Amount***"); and (c) the Debtor and each Guarantor consents to the immediate entry of a final judgment against them, jointly and severally, for the Default Amount, together with post-judgment interest at the federal statutory rate, and Ms. Almánzar may submit such judgment for entry upon the filing of an affidavit setting forth the default and the amounts paid, without further notice or hearing.

6.      **Rule 9011 Sanction Against Debtor's Counsel.** Consistent with Paragraph 6 of the Sanctions Order, and based upon the Reply Award established in Paragraph 2, the sanction imposed under Bankruptcy Rule 9011 against Chad T. Van Horn, Esq. and Van Horn Law Group, P.A., jointly and severally, is established in the amount of $2,231.84 (ten percent (10%) of the Reply Award of $22,318.42). This sanction is not compromised by this Order and shall be paid

directly to Ms. Almánzar, in the manner directed by her counsel, no later than twenty-eight (28) days after entry of this Order. Upon payment of that amount in accordance with this Paragraph, the Rule 9011 sanction imposed under Paragraph 6 of the Sanctions Order shall be deemed fully satisfied and discharged.

7.      **Limited Release; Preservation of All Other Claims.** Upon Ms. Almánzar's receipt of the full Settlement Amount in accordance with Paragraph 3, Ms. Almánzar releases the Debtor and the Guarantors solely from the obligation to pay the Fees and Costs Award. Except as expressly so provided, nothing in this Order releases, satisfies, reduces, waives, or impairs any other claim, right, or remedy, all of which are expressly preserved, including without limitation: (a) the claims, theories, and remedies asserted in *Almánzar v. Yelen Entertainment, LLC, et al.*, Case No. [0:26-cv-61352-AHS] (S.D. Fla.), including all fraudulent-transfer, alter-ego, and successor-liability claims; (b) the underlying judgment and all obligations under the Plan and Confirmation Order; (c) the Non-Disparagement Clause and the cease-and-desist and content-removal obligations under Paragraph 1 of the Sanctions Order; (d) any claim or remedy for future violations of the Non-Disparagement Clause; (e) the Rule 9011 sanction; and (f) all rights and remedies upon default under this Order. For the avoidance of doubt, neither this Order nor the Guaranties releases, satisfies, reduces, or impairs the claims asserted in the foregoing action.

8.      **Continuing Effect of the Sanctions Order.** Except as expressly provided herein, the Sanctions Order [Dkt. No. 225] remains in full force and effect, including the cease-and-desist and content-removal obligations of Paragraph 1 thereof.

9.      **Objection Deadline Moot.** In light of this resolution, the Debtor's deadline to object to the Fee Affidavits [Dkt. Nos. 227, 228], as extended [Dkt. No. 230], is moot.

10.   **Retention of Jurisdiction.** The Court retains jurisdiction to interpret and enforce this Order, including to enter and enforce the final judgment described in Paragraph 5.

### ###

**AGREED AND CONSENTED TO:**

**BELCALIS MARLENIS ALMÁNZAR**

s/ James C. Moon
James C. Moon, Esq. (Fla. Bar No. 938211)
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard, Miami, FL
33131
Telephone: (305) 358-6363
jmoon@melandbudwick.com

*Counsel for Belcalis Marlenis Almánzar*

Approved as to form and content; and, as to the Rule 9011 sanction in Paragraph 6, agreed and consented to by the undersigned:

By:
Chad Van Horn, Esq. (Fla. Bar. No. 64500)
VAN HORN LAW GROUP, P.A.
500 N.E. 4th Street, Suite 200
Fort Lauderdale, FL 33301
Telephone: (954) 765-3166
chad@cvhlawgroup.com
individually and as counsel for the Debtor

**LATASHA TRANSRINA KEBE**

Latasha Transrina Kebe, Debtor

**GUARANTORS:**

**CHEICKNA KEBE**

CHEICKNA KEBE, individually

**QUETAL LLC**

By:
Name: Cheickna Kebe
Title: Authorized Member

**STASH MEDIA WORKS, LLC**

By:
Name: Latasha T. Kebe
Title: President

### ###

Submitted by:

7

James C. Moon, Esquire
Florida Bar No. 938211
jmoon@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Creditor Belcalis Marlenis Almánzar*